7

PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
  WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA  95814
Telephone:     (916) 329-7400
Facsimile:     (916) 329-7435
Email:         ppascuzzi@ffwplaw.com
               jrios@ffwplaw.com
               tphinney@ffwplaw.com

ORI KATZ, State Bar No. 209561
ALAN H. MARTIN, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:     (415) 434-9100
Facsimile:     (415) 434-3947
Email:         okatz@sheppardmullin.com
               amartin@sheppardmullin.com

Proposed Attorneys for The Roman Catholic
Bishop of Sacramento

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC BISHOP OF SACRAMENTO,<br><br>Debtor in Possession. | Case No. 24-21326<br><br>Chapter 11<br><br>DCN:  FWP-1 |

**APPLICATION FOR ORDER: (1) MODIFYING L.B.R. 9014-1(d) TO ALLOW THE FILING AND SERVICE OF AN OMNIBUS NOTICE FOR THE FIRST-DAY MOTIONS; (2) SHORTENING THE TIME PERIOD FOR NOTICE WITH RESPECT TO THE FIRST-DAY MOTIONS; AND (3) MODIFYING L.B.R. 9014-1(d)(5) TO ALLOW REQUESTS FOR RELIEF TO BE JOINED IN A SINGLE MOTION**

The Roman Catholic Bishop of Sacramento, the debtor in possession herein (the "Debtor in Possession" or "RCBS"), in the above-captioned case (the "Bankruptcy Case"), hereby applies for an Order: (1) modifying L.B.R. 9014-1(d) to allow the filing and service of an omnibus notice of

1

hearing for the First-Day Motions (as defined below) to be filed by the Debtor in Possession; (2) shortening the time period for notice and setting the First-Day Motions for hearing (the "Hearing") **on the first week of April**, *preferably April 4, 2024*, such that, service of all documents for the First-Day Motions on the 20 largest unsecured creditors, the secured creditors if any, the Office of the United States Trustee, the Internal Revenue Service, corresponding state agencies, as well as other governmental agencies, to the extent required by the Bankruptcy Rules and the Local Rules for the United States Bankruptcy Court for the Eastern District of California, and those persons who have formally appeared and requested service in this case pursuant to Bankruptcy Rule 2002, by email, facsimile, mail, or overnight delivery, by April 2, 2024 shall be deemed sufficient to have the matter heard at the Hearing; (3) modifying L.B.R.9014-1(d)(5) to allow requests for relief to be joined in a single First Day Motion to the extent necessary for the relief requested in typical first-day motions; and (4) granting such other relief as is just and appropriate. Lodged herewith is a proposed form of order.

## I.

## JURISDICTION & VENUE

1. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A).

## II.

## FACTUAL BACKGROUND

2. On April 1, 2024, the RCBS filed a voluntary Chapter 11 petition ("Petition Date"). The Debtor in Possession remains in possession of its estate, and no trustee or examiner has been requested or appointed. The Debtor in Possession is operating and managing its business as a debtor-in-possession pursuant to the provisions of Sections 1107 and 1108 of the Bankruptcy Code.

3. The First-Day Motions are broken down by the docket control number and relief sought (*except for* the request in each First-Day Motion for "granting such other relief as is just and appropriate") as follows (collectively, the "First-Day Motions"):

///

| **FIRST-DAY MOTIONS** ||
| **DCN** | **Relief Sought** |
|---|---|
| FWP-1 | Application for an Order:<br>(1) Modifying L.B.R. 9014-1(D) to allow the filing and service of an omnibus notice for First-Day Motions to be filed by the Debtor in Possession;<br>(2) Shortening the Time Period for Notice with Respect to the First-Day Motions; and<br>(3) Modifying L.B.R. 9014-1(D)(5) to allow requests for relief to be joined in a single motion. |
| FWP-2 | Motion for Interim and Final Orders:<br>(1) Authorizing the continued use of existing cash management system, operational bank accounts and related investment accounts;<br>(2) Authorizing maintenance of existing business forms;<br>(3) Excusing compliance with section 345(b);<br>(4) Authorizing continued use of current investment policy; and<br>(5) Scheduling a final hearing. |
| FWP-3 | Motion for Motion for Interim and Final Orders:<br>(1) Authorizing payment of prepetition wages, salaries, and employee expenses,<br>(2) To pay accrued employee benefits and taxes; and<br>(3) Directing banks to honor payroll and expense checks. |
| FWP-4 | Motion for Order Motion for Interim and Final Orders authorizing the Debtor in Possession to:<br>(1) continue administering the Insurance Programs[1] for the Debtor in Possession and Insurance Participating Entities, in the ordinary course of business and consistent with past practices;<br>(2) continue funding all premiums, deductibles, reserves, claims administration costs, loss prevention costs, and service fees related to Insurance Coverage and receiving reimbursement for same;<br>(3) renew, amend, supplement, extend, purchase, or terminate Insurance Coverage in the ordinary course of business; and<br>(4) pay any and all amounts related to the Insurance Programs that remained unpaid on the Petition Date |
| FWP-5 | Motion for Interim and Final Orders:<br>(1) Prohibiting utility companies from altering, refusing, or discontinuing service;<br>(2) Determining adequate assurance of payment for post-petition utility services under 11 U.S.C. § 366;<br>(3) Establishing procedures for determining adequate assurance of payment; and<br>(4) Scheduling a final hearing. |
| FWP-6 | Motion for Entry of an Order:<br>(1) limiting notice of various matters only to the affected parties, as described herein;<br>(2) authorizing the Debtor in Possession to file the schedules, any other pleadings, and proofs of service to the extent they contain non-public names of abuse claimants and potential abuse claimants under seal; and<br>(3) suspending, temporarily, the deadline for non-government creditors to file proofs of claim. |

---

[1] Capitalized terms not defined herein have the meaning as defined in the respective First Day Motion.

| FWP-7 | Motion for Interim and Final Orders authorizing the Debtor in Possession to: (1) to pay certain prepetition invoices for Abuse Survivors' Assistance and Safe Evironment programs, and (2) to continue its prepetition practice of providing and paying for Abuse Survivors' Assistant and Safe Environment Programs |
|---|---|
| FWP-8 | Application of Debtor in Possession pursuant to 28 U.S.C. § 156(c) for an order appointing Donlin, Recano & Company, Inc. as claims and noticing agent |

4. As set forth in the Declaration of Thomas McNamara, it is his opinion that: (a) the Debtor in Possession will suffer immediate, irreparable harm if the relief requested in the First-Day Motions is not granted; and (b) any delay in scheduling the Hearing will negatively affect the Debtor in Possession's ability to operate and to maximize and preserve the assets of its bankruptcy estate.

## III.

## RELIEF SOUGHT & BASIS FOR RELIEF

### A. *Modify L.B.R. 9014-(d) To Allow The Filing and Service Of An Omnibus Notice*

5. The Debtor in Possession seeks to modify L.B.R. 9014-1(d) pursuant to L.B.R. 1001-1(f). L.B.R. 1001-1(f) provides that "[t]he Court may…on motion of a party in interest for cause, modify the provisions of these Rules in a manner not inconsistent with the Federal Rules of Bankruptcy Procedure to accommodate the needs of a particular case or proceeding."

6. Here, the Debtor in Possession seeks to modify L.B.R 9014-1(d). L.B.R. 9014-1(d)(1), which requires that, "…every application, motion, contested matter or other request for an order, shall be comprised of a motion, or other request for relief, notice, evidence, and a certificate of service…" As set forth in L.B.R. 9014-1(d)(4), "each of the documents described in subpart (d)(1) here of shall be filed as a separate document."

7. The First-Day Motions are standard first-day requests for relief in a Chapter 11 bankruptcy filing generally and/or a Chapter 11 bankruptcy filing by a diocesan entity. The modification of L.B.R. 9014-1(d) to allow an omnibus notice will: (a) reduce repetitive filings and service requirements; (b) avoid unnecessary repetition in multiple pleadings, and (c) avoid the confusion that might arise from service of multiple notices. Based on the foregoing, cause exists to modify L.B.R. 9014-1(d) pursuant to L.B.R. 1001-(f) to allow the filing and service of an omnibus notice.

4

**B. Shorten The Time Period for Notice With Respect To The First-Day Motions**

8. The Debtor in Possession seeks to shorten the time period for notice of the First-Day Motions pursuant to Fed. R. Bankr. P. 9006(c) and L.B.R. 9014-1(f)(3) and (4).

9. L.B.R. 9014-1(f)(3) allows a Court to shorten notice to fewer than fourteen days "[i]n appropriate circumstances and for good cause shown." Fed. R. Bankr. P. 9006(c)(1) further allows a court to shorten notice periods "for cause shown." Here, cause exists for scheduling the Hearing on shortened notice given that any delay will negatively affect the Debtor in Possession's ability to operate and to maximize and preserve the assets of its bankruptcy estate.

10. In accordance with L.B.R. 9014-1(f)(3), the First-Day Motions will be filed contemporaneously herewith.

11. L.B.R. 9014-1(f)(4) provides that, "In chapter 11…cases, preliminary hearings on motions for "first day orders," shall comply with Fed. R. Bankr. P. 4001(b) and Fed. R. Bankr. P. 6003." The Debtor in Possession has complied with Bankruptcy Rule 6003 and 4001(b). Rule 6003 requires a showing that the relief requested is "necessary to avoid immediate and irreparable harm." Here, the Debtor in Possession will suffer immediate, irreparable harm if: (a) utility services are terminated; (b) payment of pre-petition wages, salaries, and expenses are not authorized, because absent the relief requested, the employees may seek alternative employment opportunities; (c) the insurance policies are disrupted, since this would substantially diminish or impair the Debtor in Possession's efforts to preserve and maximize the value of the estate; (d) the Debtor in Possession is not authorized to use the existing cash management system, given that an immediate and orderly transition into Chapter 11 is critical to the viability of the Debtor in Possession's operations; (e) the Debtor in Possession is not authorized to pay the accrued prepetition balances due and owing for the Abuse Survivors Assistance and Safe Environment programs (collectively, "<u>Programs</u>") and to continue to fund the Programs on a postpetition basis, given that absent such payment, there would be an interruption in the Programs; and (f) the Debtor in Possession is not authorized to appoint a claims and noticing agent and file documents under seal, given the confidential nature of the information at issue.

///

### C. Modify L.B.R. 9014-(d)(5) To Allow Requests For Relief To Be Joined In A Single Motion To The Extent Necessary For The Relief Requested In Typical First-Day Motions

12. The Debtor in Possession seeks to modify L.B.R. 9014-1(d)(5) pursuant to L.B.R. 1001-1(f) to the extent necessary, for the relief requested in typical First-Day Motions. L.B.R. 1001-1(f) provides that "[t]he Court may…on motion of a party in interest for cause, modify the provisions of these Rules in a manner not inconsistent with the Federal Rules of Bankruptcy Procedure to accommodate the needs of a particular case or proceeding."

13. Here, the Debtor in Possession seeks to modify L.B.R 9014-1(d)(5), out of an abundance of caution. This local rule requires that "[e]xcept as otherwise provided herein, every application, motion, contested matter, or other request for an order shall be filed separately from every other request…". To the extent that the First Day Motions request multiple forms of relief, each First Day Motion reasonably limits the relief requested to the respective subject matter of the Motion. To require further separation of the First Day Motions would interfere with the Court's ability to consider the subject matter, cause unnecessarily duplicative filings, increase the likelihood of creditor confusion, and substantially increase expense to the estate from the numerous additional documents that would result without any added benefit.

14. The First-Day Motions are critical first-day requests for relief in a Chapter 11 bankruptcy filing. The modification of this local rule will: (a) significantly reduce filings and the volume of paper to serve; and (b) avoid unnecessary clogging of the Court's docket and simplify the papers for the benefit of all parties. Based on the foregoing, cause exists to modify L.B.R. 9014-1(d)(5), pursuant to L.B.R. 1001-1(f) to accommodate the needs of this case.

///
///
///
///
///
///
///

WHEREFORE, Debtor in Possession respectfully requests the Court to enter an order granting the relief requested herein. Lodged contemporaneously herewith is a proposed form of order.

Dated: April 1, 2024

FELDERSTEIN FITZGERALD WILLOUGHBY PASCUZZI & RIOS LLP

By  */s/ Paul J. Pascuzzi*
PAUL J. PASCUZZI
JASON E. RIOS
THOMAS R. PHINNEY
Proposed Attorneys for The Roman Catholic Bishop of Sacramento

Dated: April 1, 2024

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  */s/ Ori Katz*
ORI KATZ
ALAN H. MARTIN
Proposed Attorneys for The Roman Catholic Bishop of Sacramento