7

PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA  95814
Telephone:     (916) 329-7400
Facsimile:      (916) 329-7435
Email:            ppascuzzi@ffwplaw.com
                     jrios@ffwplaw.com
                     tphinney@ffwplaw.com

ORI KATZ, State Bar No. 209561
ALAN H. MARTIN, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:     (415) 434-9100
Facsimile:      (415) 434-3947
Email:            okatz@sheppardmullin.com
                     amartin@sheppardmullin.com

Proposed Attorneys for The Roman Catholic
Bishop of Sacramento

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC BISHOP OF SACRAMENTO,<br><br>Debtor in Possession. | Case No. 24-21326<br><br>Chapter 11<br><br>DCN:  FWP-4<br><br>Date:       April 4, 2024<br>Time:       10:00 a.m.<br>Location:  Courtroom 35 (Dept. C)<br>Judge:      Hon. Christopher M. Klein |

### DEBTOR'S EMERGENCY MOTION TO CONTINUE INSURANCE PROGRAMS

The Roman Catholic Bishop of Sacramento ("RCBS" or "Debtor in Possession"), the Debtor in Possession in the above-captioned chapter 11 case (the "Bankruptcy Case"), hereby moves the Court (the "Motion") for authority to continue its insurance programs.

**JURISDICTION**

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**LEGAL BASIS FOR RELIEF**

2. The statutory bases for the relief requested herein are Bankruptcy Code[1] sections 363, 1112(b) and 105(a).

3. Bankruptcy Courts in the Northern District of California have recently entered orders in pending diocesan cases granting substantially the same relief requested by this Motion. *See In re The Roman Catholic Archbishop of San Francisco,* Case No. 23-30564 (Bankr. N.D. CA October 20, 2023) [ECF 228]; *In re The Roman Catholic Bishop of Santa Rosa*, Case No. 23-10113 (Bankr. N.D. CA June 8, 2023) [ECF 224]; *In re The Roman Catholic Bishop of Oakland*, Case No. 23-40523 (Bankr. N.D. CA June 9, 2023) [ECF 119].

4. Other legal grounds for the relief sought by the Motion are stated in the Supplemental Legal Authorities set forth below.

**RELIEF REQUESTED**

5. By this Motion, the Debtor in Possession requests entry of an order, substantially in the form attached to the Exhibit List as ***Exhibit 1*** filed contemporaneously herewith (the "Proposed Order"), authorizing the Debtor in Possession to:

(i) continue administering the Insurance Programs (defined below) for the Debtor in Possession and Insurance Participating Entities (defined below), in the ordinary course of business and consistent with past practices;

(ii) continue funding all premiums, deductibles, reserves, claims administration costs, loss prevention costs, and service fees related to Insurance Coverage (defined below) and receiving reimbursement for same;

---

[1] Unless otherwise indicated, all section references in this Motion are to 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

    (iii) renew, amend, supplement, extend, purchase, or terminate Insurance Coverage (defined below) in the ordinary course of business; and

    (iv) pay any and all amounts related to the Insurance Programs (defined below) that remained unpaid on the Petition Date; *provided, however*, that no claims arising from, or in connection with, alleged pre-petition sexual misconduct may be paid other than pursuant to the terms of a confirmed reorganization plan or pursuant to further order of this Court.[2]

## **FACTUAL GROUNDS FOR THE RELIEF REQUESTED**[3]

6. On April 1, 2024 (the "Petition Date"), the RCBS commenced its chapter 11 reorganization case by filing a voluntary petition for relief. Pursuant to sections 1107 and 1108, the Debtor in Possession continues to operate its business and manage its property as a debtor and debtor in possession. No trustee or examiner has been requested or appointed in the Bankruptcy Case.

7. In the ordinary course of business, the Debtor in Possession maintains various forms of insurance coverage ("Insurance Coverage") for itself and the Insurance Participating Entities.[4] McNamara Decl., at ¶5. As set forth below, the Debtor in Possession maintains certain third-party insurance policies and self-insurance, and it participates in a risk-sharing pool (the "Insurance Programs").

8. The Debtor in Possession and the Insurance Participating Entities are insured for property, general liability, auto, employment practices, sensitive claims, directors and officers, equipment breakdown, earthquake, flood, cyber liability, drone, crime, student accident, and workers' compensation coverage through multiple third-party insurers. McNamara Decl., at ¶6. A detailed description of the Debtor in Possession's third-party insurance programs is set forth in the Declaration of Thomas McNamara filed in support of the Motion. McNamara Decl., at ¶¶7-19.

---

[2] By FWP-1, the Debtor in Possession sought modification of Local Bankruptcy Rule 9014-1(d)(5) to allow requests for relief to be joined in a single motion, to the extent necessary for typical first day motions.

[3] The factual background for the relief requested in this Motion is set forth in more detail in the Memorandum of Points and Authorities and supporting Declarations filed herewith.

[4] The Insurance Participating Entities include certain Parishes, schools, Social Services Agencies, Educational Ministries, and Supporting Organizations. McNamara Decl., at ¶4.

-3-

9. The Debtor in Possession and Insurance Participating Entities receive brokerage services for its workers' compensation and crime policies from AJ Gallagher. McNamara Decl., at ¶22. The annual service fee for these services is approximately $26,000 for the coverage year beginning July 1, 2023, paid annually. *Id.* The Debtor in Possession and the Insurance Participating Entities also receive services from Gallagher Bassett Services as a third-party administrator to address and evaluate sensitive claims. McNamara Decl., at ¶23. The annual fee for these services is approximately $100,000 for the coverage year beginning November 1, 2023, paid annually. *Id.*

10. In addition to the third-party Insurance Programs, the Debtor in Possession maintains a self-insurance program for workers' compensation insurance (the "<u>SIWC</u>") for itself and the Insurance Participating Entities. McNamara Decl., at ¶20. The Debtor in Possession has engaged LWP Claims Solutions, Inc. ("<u>LWP</u>") as the Third-Party Administrator for the SIWC program, pursuant to a Claims Servicing Agreement. McNamara Decl., at ¶24. The fee for these services is $5,000 per month. *Id.* The Debtor in Possession and the Insurance Participating Entities also receive services from Susan Wright as a third-party consultant to assist the Debtor in Possession in SIWC program oversight. McNamara Decl., at ¶25. Ms. Wright is paid approximately $800 per month for these services. *Id.*

11. The Debtor in Possession pays the premiums for the Insurance Coverage, any insurance deductibles, and any service fees and other fees related to the Insurance Programs and recovers a portion of such payments by billing each Insurance Participating Entity an allocated portion of the total cost for such Insurance Coverage. McNamara Decl., at ¶28. The amount billed to each Insurance Participating Entity takes various factors into account to fairly allocate costs and risk and ensure sufficient funding. *Id.* In addition to its allocated premiums, the RCBS includes in each Insurance Participating Entity's allocation, an administrative fee to recover certain costs, including broker's fees, property related services, legal, finance, human resources, security, child safety protection, and to account for retention and self-insurance coverages. *Id.* The allocations and billing to the Insurance Participating Entities generally occurs in July of each year and is remitted to RCBS by each Insurance Participating Entity over the course of the year. *Id.* Although

the timing of the payments received from the Insurance Participating Entities varies, the full amount billed is due by the end of July each year. *Id*.

12. Currently, the outstanding estimated deductible payments for the RCBS and the Insurance Participating Entities for prepetition events total $2.15 million, which, pursuant to the Debtor in Possession's current insurance policies, could be a basis for its insurers to demand payment of as a condition of continued coverage. McNamara Decl., at ¶29. The amount attributable to the RCBS is approximately $106,000 (approximately $71,000 for worker's compensation self-insurance insurance and $35,000 for property insurance). The balance is attributable to the other Insurance Participating Entities (approximately $1.77 million for worker's compensation self-insurance and $375,000 for property insurance). *Id*.

13. Approximately $100,000 of insurance contributions, deductibles, reserves and service fees related to prepetition events or claims may need to be paid within the first 30 days after the Petition Date. It is likely that other deductible payments will come due for prepetition events as well. McNamara Decl., at ¶30.

14. In the ordinary course of the Debtor in Possession's business and pursuant to the Insurance Programs, all of these payments are paid from the Debtor in Possession's self-insurance reserves, which are held in trust pursuant to the service agreements for that purpose. McNamara Decl., at ¶31.

15. The relief requested by the Motion includes payment of all premiums, deductibles, reserves, claims administration costs, loss prevention costs, and service fees related to Insurance Coverage, and receiving reimbursement for same. In light of the requirements under the Bankruptcy Code, including the operating guidelines issued by the United States Trustee, the Debtor in Possession submits that permitting it to maintain its Insurance Coverage is essential to its estate.

## **SUPPLEMENTAL LEGAL AUTHORITIES**

16. The relief requested by this Motion is further supported by the following authorities as set forth in the Memorandum of Points and Authorities filed herewith. Pursuant to Local Bankruptcy Rule 9014-1(d)(3), citation to these authorities are as follows:

    a.    <u>U.S. Trustee Guidelines</u>: United States Trustee Chapter 11 Operating and Reporting Guidelines for Debtors in Possession, Section 6 – Maintenance and Proof of Insurance.

    b.    <u>Section 363 / Ordinary Course / Sound Business Purpose</u>: *In re Montgomery Ward Holding Corp.*, 242 B.R. 147 (D. Del. 1999); *In re Phoenix Steel Corp.*, 82 B.R. 334 (Bankr. D. Del. 1987); *In re Johns-Manville Corp*, 60 B.R. 612 (Bankr. S.D.N.Y. 1986); *In re Tower Air, Inc*., 416 F.3d 229 (3rd Cir. 2005).

    c.    <u>Section 105 / Doctrine of Necessity</u>: *In re Columbia Gas Sys., Inc.*, 171 B.R. 189 (Bankr. D. Del. 1994); *In re Penn Cent. Transp. Co,* 467 F.2d 100 (3d Cir. 1972); *Burchinol v. Cent. Wash. Bank (In re Adam's Apple, Inc.)*, 829 F.2d 1484 (9th Cir. 1987); *In re B & W Enters., Inc.,* 713 F.2d 534 (9th Cir. 1983); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989); *In re Just for Feet, Inc.*, 242 B.R. 821 (Bankr. D. Del. 1999); *In re Gulf Air*, 112 B.R. 152 (Bankr. W.D. La. 1989).

    d.    <u>Similar Chapter 11 Cases</u>: *In re Roman Catholic Diocese of Harrisburg*, No. 20-00599 (Bankr. M.D. Pa. March 16, 2020); *In re The Norwich Roman Catholic Diocesan Corporation*, No. 21-20687 (Bankr. D. Conn. Sept. 13, 2021); *In re The Roman Catholic Church of the Archdiocese of New Orleans*, No. 20-10846 (Bankr. E.D. La. June 22, 2020); *In re The Roman Catholic Diocese of Rockville Centre, New York*, No. 20-12345 (Bankr. S.D.N.Y. Nov. 17, 2020).

## **CONCLUSION**

WHEREFORE, the Debtor in Possession respectfully requests entry of the Proposed Order, pursuant to sections 363, 1112(b), and 105 of the Bankruptcy Code, as follows:

1. Authorizing the Debtor in Possession to continue administering the Insurance Programs for the Debtor in Possession and Insurance Participating Entities, in the ordinary course of business consistent with past practices, including the use of AJ Gallagher, Gallagher Basset, LWP and Ms. Wright in their capacity as broker, third-party administrators, or consultants ("<u>Administrators</u>") of the Insurance Programs.

///

2. Authorizing the Debtor in Possession in the ordinary course of business to continue funding all premiums, contributions, deductibles, reserves, and service fees related to Insurance Coverage and receiving reimbursement for same from participants in the Insurance Programs;

3. Authorizing the Debtor in Possession in the ordinary course of business to renew, amend, supplement, extend, purchase, or terminate Insurance Coverage in the ordinary course of business;

4. Authorizing the Debtor in Possession and the Administrators to pay any and all amounts related to the Insurance Programs that remained unpaid on the Petition Date and to continue to pay any pre-petition and post-petition claims, premiums, deductibles, defense costs, obligations, reimbursements and administrative costs related to the Insurance coverage, in the ordinary course of business and in their sole discretion; *provided, however*, that no claims arising from, or in connection with, alleged pre-petition sexual misconduct may be paid other than pursuant to the terms of a confirmed reorganization plan or pursuant to further order of this Court; and

5. For such other and further relief as the Court deems just and proper.

Dated: April 1, 2024

    FELDERSTEIN FITZGERALD
    WILLOUGHBY PASCUZZI & RIOS LLP

    By  /s/ Paul J. Pascuzzi
        PAUL J. PASCUZZI
        JASON E. RIOS
        THOMAS R. PHINNEY
        Proposed Attorneys for The Roman Catholic Bishop of Sacramento

Dated: April 1, 2024

    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

    By  /s/ Ori Katz
        ORI KATZ
        ALAN H. MARTIN
        Proposed Attorneys for The Roman Catholic Bishop of Sacramento