5

1  PAUL J. PASCUZZI, State Bar No. 148810
   JASON E. RIOS, State Bar No. 190086
2  THOMAS R. PHINNEY, State Bar No. 159435
   FELDERSTEIN FITZGERALD
3  WILLOUGHBY PASCUZZI & RIOS LLP
   500 Capitol Mall, Suite 2250
4  Sacramento, CA  95814
   Telephone:     (916) 329-7400
5  Facsimile:     (916) 329-7435
   Email:         ppascuzzi@ffwplaw.com
6                 jrios@ffwplaw.com
                  tphinney@ffwplaw.com
7
   ORI KATZ, State Bar No. 209561
8  ALAN H. MARTIN, State Bar No. 132301
   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
9  A Limited Liability Partnership
   Including Professional Corporations
10 Four Embarcadero Center, 17th Floor
   San Francisco, California 94111-4109
11 Telephone:     (415) 434-9100
   Facsimile:     (415) 434-3947
12 Email:         okatz@sheppardmullin.com
                  amartin@sheppardmullin.com
13
   Proposed Attorneys for
14 The Roman Catholic Bishop of Sacramento

15                    UNITED STATES BANKRUPTCY COURT

16                    EASTERN DISTRICT OF CALIFORNIA

17                         SACRAMENTO DIVISION

18

19 In re:                              Case No.  24-21326

20 THE ROMAN CATHOLIC BISHOP OF        Chapter 11
   SACRAMENTO,
21                                      DCN:      FWP-4

22         Debtor in Possession.        Date:     April 4, 2024
                                        Time:     10:00 a.m.
23                                      Location: Courtroom 35 (Dept. C)
                                        Judge:    Hon. Christopher M. Klein
24
                                        *Hearing Requested on Shortened Time*
25

26

27      **DECLARATION OF STEPHEN J. GREENE, JR., IN SUPPORT OF CHAPTER 11
              PETITION AND FIRST DAY MOTIONS**
28

-1-

I, Stephen J. Greene, Jr., hereby declare under penalty of perjury as follows:

1.      I am an attorney duly licensed to practice law in the State of California and a partner at Greene & Roberts LLP ("Greene & Roberts"), proposed special corporate and litigation counsel for The Roman Catholic Bishop of Sacramento, the debtor in possession herein (the "Debtor in Possession" or "RCBS").  I have been an attorney licensed to practice in California since 1995.  If called as a witness, I would and could testify competently to the matters stated herein.

2.      Greene & Roberts is counsel of record for the RCBS in the pending judicial council coordinated proceeding number 5108 in Alameda Superior Court ("JCCP 5108"), where all childhood sexual assault complaints against northern California diocesan entities are being jointly administered before Judge Noel Wise, including complaints filed against the RCBS and its parishes and other related entities.  Greene & Roberts and prior iterations of the firm has acted as counsel for the RCBS since approximately 2002 in litigation, as corporate counsel, and as general counsel for many other day to day matters.  I personally have represented the RCBS for more than 20 years now and have served as defense counsel in every childhood sexual abuse claim asserted against the RCBS over those two decades.

3.      All facts set forth in this declaration are based on my personal knowledge, upon information supplied to me by people who report to me, upon information supplied to me by the RCBS, upon my review of relevant documents, or upon my opinion based on my 20 year experience and knowledge with respect to the RCBS's operations and past and current litigation status.  If I were called upon to testify, I could and would testify competently to the facts set forth herein.

4.      My involvement in representing the RCBS regarding claims of childhood sexual assault began in 2004, after approximately three dozen plaintiffs filed lawsuits against the RCBS as part of the first statute of limitations revival window in 2003.  Those claims were litigated and ultimately settled through global mediation negotiations in 2005 for an aggregate amount of $35 million.  In addition to the claims that were part of the global resolution in 2005, the RCBS also settled more than two dozen other claims of childhood sexual abuse over the past 20 years, some in the context of additional lawsuits and others as a result of pre-filing negotiated resolutions.  Overall, since 2000, the RCBS and its insurers have paid more than $51 million in legal settlements

1    in an effort to fulfill the RCBS's responsibility for abuse of minors by diocesan clergy and lay

2    employees.

3         5.     In 2019, the California Legislature enacted AB 218, the most recent legislative

4    revival of the statute of limitations, which established a three-year revival window from 2020 to

5    2022. As part of the window created by AB 218, and based on the most up-to-date information we

6    have been able to compile as of the date of this declaration, approximately 300 individuals filed

7    civil actions in which the RCBS is named as a defendant. Virtually all the pending claims have

8    been grouped together in a coordinated proceeding in Alameda County, and all but very limited

9    discovery in those matters has been stayed since the create of the proceeding in 2020.

10        6.     Consistent with its policies and protocols, the RCBS and my firm have investigated

11   and taken action to try to determine the background of every allegation of abuse received directly

12   by the RCBS since approximately 2002. Regarding the currently pending civil claims, however,

13   there are significant challenges associated with obtaining sufficient information to determine the

14   credibility of the allegations because all general discovery in the pending cases has been stayed

15   since the creation of the JCCP 5108 proceeding in 2020. In the end, the RCBS has only been able

16   to rely on very limited standardized disclosures, in the form of "fact sheets" completed by the

17   plaintiffs as part of the JCCP 5108 coordinated proceeding. The fact sheets each contain general

18   descriptions of the nature, duration, and location of the alleged abuse, and although the vast

19   majority received by RCBS included verifications signed by the plaintiff under penalty of perjury,

20   many others were provided without the verification.

21        7.     With very minimal exceptions, the AB 218 claims of alleged abuse are all historical

22   claims that arise from conduct that occurred decades ago. As a consequence, of the 100+ priests

23   named as perpetrators, more than 90% are deceased. And although the dates of alleged abuse range

24   from approximately 1950 up through 2020, only 11 claims allege abuse since the year 2000, and

25   three of those 11 claims involve perpetrators who were lay coaches at a diocesan high school.

26        8.     The majority of AB 218 complaints filed against the RCBS in the JCCP 5108

27   proceeding have, in addition to the RCBS, named as co-defendants parishes and schools located in

28   the Diocese of Sacramento, as well as Roman Catholic religious orders. Under indemnity

1　provisions in the parish services agreements between RCBS and the parishes of the Diocese, Greene

2　& Roberts has defended the parish co-defendants against those pending claims.

3　　　　　9.　　　It is RCBS's position that the automatic stay extends to stay all litigation against the

4　RCBS and the parish and school co-defendants. These co-defendants are for the most part covered

5　by the same insurance applicable to the RCBS, so any incurring of defense costs or payment of

6　settlements by the related entities with those mutual insurance assets also will impact the insurance

7　coverage available to settle claims filed against the RCBS. The representation of those co-

8　defendants in the abuse claims litigation may continue to be necessary post-filing of bankruptcy,

9　unless the plaintiffs' counsel will stipulate or the court orders, that the litigation against those co-

10　defendants also is stayed.

11　　　　　10.　　　The RCBS participated in a three-day global mediation in November 2023, with the

12　goal of exploring the potential global settlement of the 250+ claims pending in the JCCP 5108

13　proceeding. That mediation was not successful in resulting in a global settlement. Among the

14　matters in the global mediation were the claims of three plaintiffs in cases that had been designated

15　by the JCCP 5108 judge as "bellwether trial" cases, which were set to proceed to trial in mid and

16　late 2024. My understanding is that absent a bankruptcy filing, the bellwether trial cases and

17　possibly additional pending cases involving claims against the RCBS would be set for trial by the

18　coordination judge in the JCCP 5108 proceeding.

19　　　　　11.　　　As set forth in the foregoing paragraphs, RCBS does not have detailed information

20　from which to assess and determine a settlement value for all of the pending cases. Based on our

21　experience in defending these sorts of claims over the past two decades, however, the RCBS

22　expects the initial demands for those pending claims to be more than $2 million per claim.

23　Moreover, in addition to enacting the three-year revival window, AB 218 also added a provision to

24　permit plaintiffs to seek treble damages if they can prove that the abuse was the result of a "cover

25　up," and so any potential exposure the diocese might face could also include both those "cover up"

26　treble damages and potential punitive damages pursuant to California Civil Code section 3294.

27　Based on these procedural realities, the RCBS's total exposure could exceed its available assets.

28　Thus, in my view, this volume of lawsuits puts the RCBS in immediate financial distress and in

Case No. 24 - _____
S. Greene First Day Declaration

1   need of a forum to resolve these claims while continuing to serve the faithful and those in need.

2         12.    I understand the Bankruptcy Court provides a forum and the Bankruptcy Code

3   provides a mechanism whereby all the claims can be determined and paid on a fair and equitable

4   basis and ensures that all claimants with similarly situated claims are treated the same.  In my view,

5   the RCBS requires the Bankruptcy Court's immediate protection and the protection of the

6   bankruptcy laws to make fair and equitable payment of the claims against it, including the survivors

7   of abuse, trade creditors, the parishes and others.

8         I declare under penalty of perjury that the foregoing it true and correct.  Executed on March

9   22, 2024, at Sacramento, California.

10

11  _____
    Stephen J. Greene

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 24 - _____
S. Greene First Day Declaration