6

PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
　WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA  95814
Telephone:　　(916) 329-7400
Facsimile:　　(916) 329-7435
Email:　　ppascuzzi@ffwplaw.com
　　　　　jrios@ffwplaw.com
　　　　　tphinney@ffwplaw.com

ORI KATZ, State Bar No. 209561
ALAN H. MARTIN, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
　A Limited Liability Partnership
　Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:　　(415) 434-9100
Facsimile:　　(415) 434-3947
Email:　　okatz@sheppardmullin.com
　　　　　amartin@sheppardmullin.com

Proposed Attorneys for The Roman Catholic
Bishop of Sacramento

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC BISHOP OF SACRAMENTO,<br><br>Debtor in Possession. | Case No. 24-21326<br><br>Chapter 11<br><br>DCN:  FWP-2<br><br>Date:　　April 4, 2024<br>Time:　　10:00 a.m.<br>Location:　Courtroom 35 (Dept. C)<br>Judge:　　Hon. Christopher M. Klein |

**INTERIM ORDER (1) AUTHORIZING CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, OPERATIONAL BANK ACCOUNTS AND RELATED INVESTMENT ACCOUNTS; (2) AUTHORIZING MAINTENANCE OF EXISTING BUSINESS FORMS, (3) EXCUSING COMPLIANCE WITH SECTION 345(b); (4) AUTHORIZING CONTINUED USE OF CURRENT INVESTMENT POLICY; AND (5) SCHEDULING A FINAL HEARING**

The motion of The Roman Catholic Bishop of Sacramento ("Debtor in Possession") for interim and final orders (1) authorizing continued use of existing cash management system, operational bank accounts and related investment accounts; (2) authorizing maintenance of existing business forms, (3) excusing compliance with Section 345(b); (4) authorizing continued use of current investment policy; and (5) scheduling a final hearing (the "Motion") came on for hearing on an interim basis on April 4, 2024 at 10:00 a.m., before the Honorable Christopher M. Klein of the United States Bankruptcy Court for the Eastern District of California. Paul J. Pascuzzi, Esq., of Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP appeared on behalf of the Debtor in Possession. All other appearances were as noted on the record. Unless otherwise indicated, capitalized terms not otherwise defined in this Order shall have the same meanings ascribed to them in the Motion.

The Court having considered the Motion, the Memorandum of Points and Authorities, the McNamara Background Decl., the Greene Decl., the McNamara Decl., all exhibits filed in support of the Motion and declarations, the Objection and Reservation of Rights of the United States Trustee to Debtor's Cash Management Motion filed April 3, 2024, at ECF No. 57 ("U.S. Trustee Objection") and the representations made by counsel at the hearing as reflected in the record of the hearing; and, the Court having found that it has jurisdiction over this proceeding; that this is a core proceeding; that notice of the Motion has been given to the Office of the U.S. Trustee, the Cash Management Banks, the twenty (20) largest unsecured creditors, all secured creditors, if any, and any applicable governmental entities; that no further notice is necessary; the Court finding that there is good cause for entry of an immediate interim order pursuant to Fed. R. Bankr. P. 6003 to the extent applicable, and that ample cause exists to grant a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h) if any for the entry of an interim order granting the Motion; that the relief sought in the Motion is in the best interests of the Debtor in Possession, its estate, and its creditors; and that good and sufficient cause exists for such relief.

It is hereby ORDERED as follows:

1. The Motion is GRANTED on an interim basis as set forth herein;

2.	The Debtor in Possession is authorized to: (a) designate, maintain, and continue to use its existing Bank Accounts identified in paragraph 11 of the Motion with the same account numbers; provided however, that the accounts, other than the Imprest Bank Account, shall be designated as or converted to debtor in possession accounts to the extent possible by the relevant banks; and (b) continue to use its existing Cash Management System, which includes use of the Investment Accounts, credit cards, debit cards and investment policies.  In connection with the ongoing use of the Cash Management System, the Debtor in Possession shall continue to maintain strict records with respect to all transfers of cash so that all transactions may be readily ascertained, traced, recorded properly, and distinguished between pre-petition and post-petition transactions, and between the Debtor in Possession and any non-Debtor.

3.	Each of the Debtor in Possession's existing depository and disbursement banks including the Cash Management Banks is authorized to debit the Debtor in Possession's accounts in the ordinary course of business without the need for further order of this Court for: (i) all checks drawn on the Debtor in Possession's accounts which are cashed at such bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (ii) all checks or other items deposited in one of Debtor in Possession's accounts with such bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor in Possession was responsible for such items prior to the Petition Date; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any bank as service charges for the maintenance of the Cash Management System.

4.	Any of the Debtor in Possession's Cash Management Banks may rely on the representations of the Debtor in Possession with respect to whether any check or other payment order drawn or issued by the Debtor in Possession prior to the Petition Date should be honored pursuant to this or any other order of this Court without any duty of further inquiry and without liability for following the Debtor in Possession's instructions.

5.	That (i) those certain existing deposit agreements between the Debtor in Possession and its Cash Management Banks shall continue to govern the post-petition cash management

relationship between the Debtor in Possession and the Cash Management Banks, and that all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect, and (ii) the Debtor in Possession and the Cash Management Banks may, without further order of this Court, agree to and implement changes to the Cash Management System and procedures in the ordinary course of business, including, without limitation, the opening and closing of bank accounts.

6. Nothing contained herein shall prevent the Debtor in Possession from opening any additional bank accounts or closing any existing Bank Account(s) as it may deem necessary and appropriate, and the Cash Management Banks are authorized to honor the Debtor in Possession's request to open or close, as the case may be, such bank accounts or additional bank accounts; provided however, that any new account shall be with a bank that is insured with the Federal Deposit Insurance Corporation that is organized under the laws of the United States or any State thereof and that such account is either bonded or securitized as described in 11 U.S.C. § 345(b) should the account exceed the FDIC insurance limit, and listed on the U.S. Trustee's list of authorized depositories for the Eastern District of California.

7. Any and all accounts opened by the Debtor in Possession on or after the Petition Date at any bank shall, for all purposes under this Interim Order, similarly be subject to the rights and obligations of this Interim Order.

8. The Debtor in Possession and the Cash Management Banks are hereby authorized to continue to perform pursuant to the terms of any pre-petition agreements that may exist between them, except to the extent otherwise directed by the terms of this Interim Order. The parties to such agreements shall continue to enjoy the rights and remedies afforded to them under such agreements, except to the extent modified by the terms of this Interim Order or by operation of the Bankruptcy Code.

9. Except as provided in this Interim Order, the Debtor in Possession is authorized to continue to use its existing business forms and stationery without alteration or change.

10. Except as otherwise set forth in this Interim Order, the Debtor in Possession is authorized to continue its current investment practices as described in the Motion and related

pleadings, including but not limited to the use of the CBIS Investment Accounts, the Merrill Lynch Investment Accounts, the US Bank Investment Account and the River City Bank Certificate of Deposit. The Debtor in Possession is excused from redesignating the Investment Accounts as debtor in possession accounts and complying with the requirements of section 345(b) as to the Investment Accounts.

11. The Debtor in Possession is excused from designating the Additional Bank Accounts as debtor in possession accounts and complying with the provisions of section 345(b) as to the Additional Bank Accounts.

12. Neither this Interim Order, nor the Debtor in Possession's payment of any amounts authorized by this Interim Order, shall: (i) result in any assumption of any executory contract by the Debtor in Possession; (ii) result in a commitment to continue any plan, program, or policy of the Debtor in Possession; or (iii) impose any administrative, pre-petition, or post-petition liabilities upon the Debtor in Possession.

13. In granting the Motion, the Court is not making any findings or determinations as to what is or is not property of the estate. Nothing herein constitutes judicial approval or disapproval, or judicial determination, of what assets are or are not restricted or held in trust or property of the estate or what expenditures are reasonable or appropriate.

14. The Debtor shall use reasonable efforts to comply with the following, as requested by the U.S. Trustee in resolution, in part, of the U.S. Trustee Objection:

   a. The Debtor shall use its best efforts to have its bank accounts at Bank of America (other than the Imprest Account), Chase Bank and U.S. Bank designated as "Debtor in Possession" accounts by the institutions as soon as possible and shall report on such efforts at the further hearings on the Motion; and

   b. The Debtor shall close and provide proof of such closure of the Notre Dame Credit Union and Charles Schwab accounts within 15 days of the entry of the Interim Order.

15. The Debtor shall not fund the Imprest Account (#8082) with more than $250,000 at any time such that the balance remains at or below $250,000.

///

16. Upon maturity of the River City Bank CD, the Debtor shall place such funds in a debtor in possession account at an authorized depository in the Eastern District of California.

17. The Debtor shall attach an account statement for the credit/debit cards to its monthly operating report.

18. The Debtor shall not open any new bank accounts unless such accounts are debtor in possession accounts at authorized depositories in the Eastern District of California.

19. To the extent the fourteen (14) day stay of Bankruptcy Rule 6004(h) may be construed to apply to the subject matter of this Interim Order, such stay is hereby waived.

20. The Debtor in Possession is authorized to take the actions necessary to effectuate the relief granted in this Interim Order.

21. The Court shall retain jurisdiction to hear and determine all matters arising from implementation of this Interim Order.

22. The final hearing on the Motion shall be heard on April 24, 2024, at 10:00 a.m. Opposition, if any, to the granting of the Motion on a final basis shall be filed by April 18, 2024. The Debtor in Possession's reply to any opposition shall be filed by April 22, 2024.

23. Counsel to the Debtor in Possession is directed to serve a copy of this Interim Order on all parties on the Limited Service List, as defined in the Debtor in Possession's Motion for Order Establishing Notice Procedures on file herein, within five (5) business days of the entry of this Interim Order and to file a certificate of service with the Clerk of the Court.

APPROVED AS TO FORM.

OFFICE OF THE UNITED STATES TRUSTEE

By: */s/ Jason Blumberg*
    Jason Blumberg

Dated: April 04, 2024

_____
United States Bankruptcy Judge