PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
  WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone:    (916) 329-7400
Facsimile:     (916) 329-7435
Email:   ppascuzzi@ffwplaw.com
       jrios@ffwplaw.com
       tphinney@ffwplaw.com

ORI KATZ, State Bar No. 209561
ALAN H. MARTIN, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    (415) 434-9100
Facsimile:     (415) 434-3947
Email:   okatz@sheppardmullin.com
       amartin@sheppardmullin.com

Attorneys for The Roman Catholic
Bishop of Sacramento

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC BISHOP OF SACRAMENTO,<br><br>          Debtor in Possession. | Case No. 24-21326<br><br>Chapter 11<br><br>DCN: FWP-18<br><br>Date:      May 29, 2024<br>Time:     11:00 a.m.<br>Location:  Courtroom 35 – Dept. C<br>Judge:    Hon. Christopher M. Klein |

**DEBTOR'S MOTION FOR AUTHORITY TO EMPLOY PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS**

The Roman Catholic Bishop of Sacramento ("RCBS" or "Debtor"), the debtor and debtor in possession in the above-captioned chapter 11 case (the "Bankruptcy Case"), hereby submits this Motion (the "Motion"), pursuant to sections 105(a), 327, 328, 330, 363(b) and 1108, of title 11 of

1. the United States Code (the "Bankruptcy Code"), for entry of an order authorizing, but not directing, the Debtor to: (i) establish certain procedures to retain and compensate those professionals that the Debtor employs in the ordinary course of business (collectively, the "Ordinary Course Professionals"), effective as of the Petition Date (as defined below), without: (a) the submission of separate retention applications or (b) the issuance of separate retention orders by the Court for each individual Ordinary Course Professional; and (ii) compensate and reimburse Ordinary Course Professionals without individual fee applications.

A proposed form of order granting the relief requested herein is attached to the Exhibit List filed in support of the Motion as Exhibit A (the "Proposed Order"). An initial list of the Debtor's Ordinary Course Professionals is attached to the Proposed Order as ***Exhibit 1***.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.　　JURISDICTION

The Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Debtor consents to entry of a final ruling by the Court. The statutory bases for the relief requested in the Motion is 11 U.S.C. §§ 327, 328, 330, 363(b), 1108, and 105(a).

### II.　　BACKGROUND

On April 1, 2024 ("Petition Date"), the RCBS filed a voluntary Chapter 11 petition. The Debtor in Possession remains in possession of its estate, and neither a trustee nor an examiner has been requested or appointed. The Debtor in Possession is operating and managing its business and financial affairs as a debtor in possession under Bankruptcy Code sections 1107 and 1108. On April 12, 2024, the Office of the United States Trustee appointed a statutory committee of unsecured creditors (the "Committee") in this case pursuant to section 1102(a) of the Bankruptcy Code (Dkt. No. 139).

For additional information regarding the circumstances leading to the commencement of the Chapter 11 Case and information regarding the Debtor's business and finances, the Debtor relies upon the *Declaration of Thomas McNamara in Support of Chapter 11 Petition and First Day Motions* [Dkt. No. 6] (the "McNamara Background Decl."), the *Declaration of Stephen J. Greene*

*in Support of Chapter 11 Petition and First Day Motions* [Dkt. No. 7] (the "Greene Background Decl."), and the *Declaration of Thomas McNamara* in support of this Motion (the "McNamara Decl."), the exhibits in support thereof, and the court's filings and records in this case.

### III. PROPOSED PROCEDURES FOR EMPLOYMENT OF ORDINARY COURSE PROFESSIONALS

The Debtor seeks to employ, as of the Petition Date, Ordinary Course Professionals to render professional services to the Debtor's estate in the same manner and for the same or similar purposes as such professionals were retained by the Debtor prior to the Petition Date. The current list of Ordinary Course Professionals is attached to the Proposed Order as ***Exhibit 1***. Ordinary Course Professionals have provided the Debtor with specialized legal, accounting, investment advice, professional consulting and recruiting, and other services relating to, among other things, real estate law, employment matters, accounting and auditing, actuarial, plan consulting, and immigration that support the Debtor's ordinary day to-day operations. Some or all of the projected fees and expenses for the Ordinary Course Professionals may be "ordinary course" payments for services unrelated to the Bankruptcy Case authorized pursuant to Section 363(b). However, out of an abundance of caution, the Debtor seeks authority to pay Ordinary Course Professionals pursuant to Section 327, including subsection (e).

It is essential that the employment of Ordinary Course Professionals, who are familiar with the Debtor's business, be continued, to avoid the disruption of the Debtor's operations during this Bankruptcy Case. The requested authority for amounts to be paid without separate application would be limited to $15,000.00 per month and/or $45,000 per quarter per professional, with the exception of the Debtor's CPA/auditors at Moss Adams who is paid approximately $70,000 per year in one to three payments and the Debtor's workers compensation actuary at Perr & Knight who is paid all or substantially all of their compensation annually. Given the irregular billing by these two service providers, they each may be entitled to payments greater than the monthly/annual cap as detailed in ***Exhibit 1*** to the Proposed Order.

Based upon past experience, it is anticipated that the monthly services for the Ordinary Course Professionals will be under the limit. As explained below, if approved, this procedure

requires the Debtor to file a declaration and questionnaire for each proposed professional, and to file quarterly statements disclosing all payments.

None of the anticipated professional services provided by the Ordinary Course Professionals are duplicative of the services to be provided by the bankruptcy professionals that the Debtor has employed pursuant to Section 327 for assistance with the Debtor's bankruptcy-related duties (*Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP as Bankruptcy Counsel*; *Sheppard, Mullin, Richter & Hampton LLP as Co-Bankruptcy Counsel; Weinstein & Numbers, LLP as Insurance Counsel*; *Greene & Roberts, LLP as Special Corporate and Litigation Counsel*; *Law Office of Thomas A Johnson as Special Litigation Counsel*; *and GlassRatner Advisory & Capital Group, LLC d/b/a B. Riley Advisory Services as Financial Advisor*). The Debtor's Ordinary Course Professionals are more familiar with the issues that will come up in each of their respective areas, and they have experience dealing with the Debtor's particular needs in those areas. Therefore, it will be far more cost-effective and efficient for the Debtor to continue using the Ordinary Course Professional's services for these matters.

The Debtor submits that the proposed employment of the Ordinary Course Professionals and the payment of monthly compensation pursuant to the Procedures, set forth below (the "Procedures"), are in the best interests of the estate, creditors, and all other parties in interest. The relief requested will save the Debtor, the estate, interested parties, and the Court the time and expense associated with applying to the Court separately to retain each Ordinary Course Professional. Additionally, it will avoid the incurrence of additional fees for the preparation and prosecution of numerous interim and final fee applications during this Bankruptcy Case, which relate to relatively small ordinary course compensation expenses.

Accordingly, the Debtor requests that the Court dispense with the requirement of filing individual retention and fee applications for the Ordinary Course Professionals and authorize the following Procedures for the current Ordinary Course Professionals for such additional Ordinary Course Professionals who the Debtor may decide to utilize in the future:

(i) Within thirty (30) days after the later of (a) the entry of an order granting this Motion and (b) the date on which an Ordinary Course Professional commences services for the Debtor, each Ordinary Course Professional will provide the

|     |       |                                                                                                                                                                                                                                                                                                                                                                                   |
|-----|-------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|     |       | following to the Debtor's attorneys: (1) a declaration (the "OCP Declaration"), substantially in the form annexed to the Proposed Order as *Exhibit 2*, certifying that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtor or its estate with respect to the matter(s) on which such professional is to be employed, and (2) a completed retention questionnaire (the "Retention Questionnaire"), substantially in the form annexed to the Proposed Order as *Exhibit 3*. |
|     | (ii)  | Upon receipt of a completed OCP Declaration and Retention Questionnaire, the Debtor will file the same with the Court and serve copies on (a) the United States Trustee for Region 17 (the "U.S. Trustee"), (b) counsel for the official committee appointed in this Bankruptcy Case ("Committee"), and (c) parties that have requested special notice who have elected to receive notice electronically via ECF or otherwise (collectively, the "Reviewing Parties"). |
|     | (iii) | If a party wishes to object to the retention of an Ordinary Course Professional, such party shall, within fifteen (15) days after the filing of the applicable OCP Declaration (the "Retention Objection Deadline"), file with the Court and serve on (a) the attorneys for the Debtor and (b) the relevant Ordinary Course Professional (together, the "Objection Recipients") a written objection stating the legal and/or factual bases for such objection. If no objection to the retention of an Ordinary Course Professional is filed with the Court and served on the Objection Recipients before the Retention Objection Deadline, the retention and employment of such professional shall be deemed approved without further order of the Court. |
|     | (iv)  | If a timely objection to the retention of an Ordinary Course Professional is filed with the Court and served on the Objection Recipients, and such objection cannot be resolved within fourteen (14) days after the Retention Objection Deadline, the Debtor will file a notice of hearing and schedule the matter for adjudication by the Court at the next available hearing that is at least seven (7) days from the date of such notice. |
|     | (v)   | No Ordinary Course Professional may be paid any amount for invoiced fees and expenses until the Ordinary Course Professional has been retained in accordance with these Procedures. |
|     | (vi)  | The Debtor is authorized to retain any Ordinary Course Professional and to compensate such Ordinary Course Professional, without separate application to the Court, 100% of the fees and reimburse 100% of the expenses incurred upon the submission to, and approval by, the Debtor of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred (without prejudice to the Debtor's right to dispute any such invoices); *provided, however*, that the Ordinary Course Professional's total compensation and reimbursements to be paid without separate application shall not exceed $15,000 for each month starting from the first full month following the Petition Date (the "OCP Monthly Cap") and/or shall not exceed $45,000 for each quarter (the "OCP Quarterly Cap"); *provided further, however*, the Debtor's CPA/auditors at Moss Adams and actuarial consultants at Perr & Knight who are paid at certain milestones or annually instead of monthly may receive regular payments greater than the OCP Monthly Cap/OCP Quarterly Cap, including an annual audit fee of approximately $70,000 payable to Moss |

Adams.

(vii) To the extent an Ordinary Course Professional's total compensation and reimbursements are less than the OCP Monthly Cap, the amount by which such compensation and reimbursements are below the OCP Monthly Cap may be carried over to successive periods.

(viii) In the (unanticipated) event that an Ordinary Course Professional's fees and expenses exceed the OCP Monthly Cap for any month during this Bankruptcy Case: (a) the Debtor may pay the Ordinary Course Professional's fees and expenses owed for such month up to the OCP Monthly Cap; and (b) for each such month, the Ordinary Course Professional may file with the Court a fee application, to be heard on notice, on account of the fees and expenses in excess of the OCP Monthly Cap and apply for compensation and reimbursement of such amount in compliance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

(ix) Within thirty (30) days of the end of each quarterly period, the Debtor will file a statement with the Court and serve the same on the Reviewing Parties, certifying the Debtor's compliance with the terms of the relief requested herein. The statement shall include for each Ordinary Course Professional (a) the name of such Ordinary Course Professional, and (b) for each quarterly period, the aggregate amounts paid as compensation for services rendered and as reimbursement of expenses incurred by such professional.

(x) If the Debtor seeks to retain an Ordinary Course Professional not already listed on *Exhibit 1* to the Proposed Order, the Debtor will file with the Court and serve on the Reviewing Parties a notice listing those additional Ordinary Course Professionals to be added to the initial list of Ordinary Course Professionals (the "OCP List Supplement"), along with the attendant OCP Declarations and Retention Questionnaires.

(xi) If a party wishes to object to the retention of an Ordinary Course Professional listed on an OCP List Supplement, such party shall, within fifteen (15) days after the filing of the applicable OCP List Supplement, file with the Court and serve on the Objection Recipients a written objection stating the legal and/or factual bases for such objection. If no timely objection to the retention of an Ordinary Course Professional listed on an OCP List Supplement is filed with the Court and served on the Objection Recipients, the retention and employment of such professional shall be deemed approved without further order of the Court. Any Ordinary Course Professional retained pursuant to an OCP List Supplement will be paid in accordance with the terms and conditions set forth in these Procedures.

## IV. EMPLOYMENT OF ORDINARY COURSE PROFESSIONALS SHOULD BE AUTHORIZED

### A. 11 U.S.C. § 327(a)

A debtor is required to obtain bankruptcy court approval before it is permitted to hire "professional persons" to assist in connection with the debtor's bankruptcy duties, and such persons

are required to be "disinterested." *See* 11 U.S.C. § 327(a).

In determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code, and therefore must be retained by express approval of the court, courts generally consider whether such entity is involved in the actual reorganization effort, rather than a debtor's ongoing business operations. *See, e.g., Elstead v. Nolden (In re That's Ent. Mtkg. Grp.)*, 168 B.R. 226, 230 (N.D. Cal. 1994) ("For purposes of interpreting § 327, the term 'professional persons,' is a 'term of art reserved for those persons who play an intimate role in the reorganization of a debtor's estate.'") (quoting *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns- Manville Corp.)*, 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986)).

In making this determination, courts often consider the following factors in determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code:

(a) whether the entity controls, manages, administers, invests, purchases, or sells assets that are significant to the debtor's reorganization;

(b) whether the entity is involved in negotiating the terms of a plan of reorganization;

(c) whether the entity is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;

(d) whether the entity is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate;

(e) the extent of the entity's involvement in the administration of the debtor's estate; and

(f) whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

*See, e.g., In re First Merchs. Acceptance Corp.*, No. 97-1500, 1997 WL 873551, at *3 (D. Del. Dec. 15, 1997) (listing factors); *In re Sieling Assocs. Ltd. P'ship*, 128 B.R. 721, 723 (Bankr. E.D. Va. 1991) (authorizing the debtor to retain an environmental consultant in the ordinary course of business); *In re Riker Indus., Inc.*, 122 B.R. 964, 973 (Bankr. N.D. Ohio 1990) (not requiring section 327 approval of the fees of a management and consulting firm that performed only "routine administrative functions" and whose "services were not central to [the] bankruptcy case").

7

**B.     11 U.S.C. § 327(e)**

To the extent that authorization of employment is required relating to the Ordinary Course Professionals identified in the Motion, the Debtor may employ other professionals pursuant to Section 327(e), which provides as follows:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interests of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

Section 328(a) of the Bankruptcy Code provides, in pertinent part, that the trustee "with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment." Section 330 of the Bankruptcy Code authorizes the court to award reasonable compensation for actual and necessary services rendered by retained professionals. 11 U.S.C. § 330.

As noted above, some or all of the projected expenses are likely "ordinary course" payments authorized pursuant to Section 363(b). However, out of an abundance of caution the Debtor makes this Motion for authority to employ and pay professionals pursuant to Section 327(e). Further, the Court may exercise its broad discretion under section 105(a) of the Bankruptcy Code in connection with the foregoing. 11 U.S.C. § 105(a). Accordingly, the Court has authority to approve the Procedures and other relief sought herein.

Similar retention and payment procedures with respect to ordinary course professionals have been approved in other cases. *See, e.g., The Roman Catholic Archbishop of San Francisco*, Case No. 23-30564 (Bankr. N.D. Cal. October 16, 2023) [Dkt. 211]; (authorizing debtors to employ and pay professionals used in the ordinary course of business); *In re The Roman Catholic Bishop of Santa Rosa*, No. 23-10113 (Bankr. N.D. CA July 17, 2023) [Dkt. 297] (same); *In re The Roman Catholic Bishop of Oakland*, No. 23-40523 (Bankr. N.D. CA July 20, 2023) [Dkt. 263] (same); *In re PG&E Corporation and Pacific Gas and Electric Company*, Case No. 19-bk-30088-DM (Bankr. N.D. Cal February 28, 2019) [Docket No. 707] (authorizing debtors to employ professionals used in the ordinary course of business); *In re Roman Catholic Diocese of Harrisburg*, Case No: 1:20-

bk-00599-HMV (Bankr. M.D. Penn. March 16, 2020) [Docket No. 122] (same); *In re Valley Econ. Dev. Ctr., Inc.*, Case No. 1:19-bk-11629-DS (Bankr. C.D. Cal. Oct. 8, 2019) [Docket No. 187] (authorizing debtors to retain and compensate professionals utilized in the ordinary course of business); and *In re Verity Health Sys. of Cal., Inc.*, Case No. 2:18-bk-20151-ER (Bankr. C.D. Cal. Oct. 29, 2018) [Docket No. 693] (same).

### C. Professionals are Eligible to Perform Services and the Proposed Process is Necessary to the Debtor's Operations

The Debtor does not believe that any Ordinary Course Professionals hold unsecured claims against the Debtor for prepetition services rendered to the Debtor other than Moss Adams which is owed approximately $7,200 for pre-petition services, and to the extent they do, the Debtor does not believe that any of the Ordinary Course Professionals have an interest materially adverse to the Debtor, its creditors, or other parties in interest with respect to the matters on which they are to be employed. Accordingly, pursuant to section 327(e), 363(b) and the above-cited provisions of the Bankruptcy Code, the Court may authorize the retention of the Ordinary Course Professionals.

The Debtor relies on the Ordinary Course Professionals to support its business and everyday operations. As a result of their prepetition representations of the Debtor, the Ordinary Course Professionals have obtained significant knowledge of the day-to-day operations of the Debtor which would make them difficult and costly to replace. In light of the additional costs associated with the preparation of retention applications for professionals that likely will receive relatively small fees as compared to professionals retained to assist the Debtor in prosecuting this Bankruptcy Case, it is impractical and economically inefficient for the Debtor to submit individual retention applications and proposed retention orders for each Ordinary Course Professional. Accordingly, the Debtor requests that the Court dispense with the requirement of individual retention applications and fee applications with respect to each Ordinary Course Professional.

Other than the Ordinary Course Professionals, all professionals employed by the Debtor to assist in the prosecution of this Bankruptcy Case will be retained by the Debtor pursuant to separate orders approving separate retention applications. Those professionals will be compensated in accordance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the

Bankruptcy Local Rules, the Fee Guidelines, and other orders of this Court. Based on the foregoing, the Debtor submits that the requested relief is necessary and appropriate, is in the best interests of its estate, and should be granted.

### V.  RESERVATION OF RIGHTS

Nothing contained herein is intended, or shall be construed, as (i) an admission as to the validity of any claim against the Debtor; (ii) a waiver of the Debtor's or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtor; (iii) a waiver of any claims or causes of action which may exist against any creditor or interest holder; or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtor and any third party under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtor's rights to dispute such claim subsequently.

WHEREFORE the Debtor respectfully requests entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: May 1, 2024         FELDERSTEIN FITZGERALD WILLOUGHBY
                           PASCUZZI & RIOS LLP

                           By:   */s/ Jason E. Rios*
                                 PAUL J. PASCUZZI
                                 JASON E. RIOS
                                 THOMAS R. PHINNEY

                                 Attorneys for The Roman Catholic Bishop of
                                 Sacramento

Dated: May 1, 2024         SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                           By:   */s/ Ori Katz*
                                 ORI KATZ
                                 ALAN H. MARTIN

                                 Attorneys for The Roman Catholic Bishop of
                                 Sacramento