Paul J. Pascuzzi, State Bar No. 148810
Jason E. Rios, State Bar No. 190086
Thomas R. Phinney, State Bar No. 159435
FELDERSTEIN FITZGERALD
  WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA  95814
Telephone:      (916) 329-7400
Facsimile:       (916) 329-7435
Email:   ppascuzzi@ffwplaw.com
             jrios@ffwplaw.com
             tphinney@ffwplaw.com

Ori Katz, State Bar No. 209561
Alan H. Martin, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:      (415) 434-9100
Facsimile:       (415) 434-3947
Email:  okatz@sheppardmullin.com
            amartin@sheppardmullin.com

Attorneys for The Roman Catholic
Bishop of Sacramento

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC BISHOP OF SACRAMENTO,<br><br>Debtor in Possession. | Case No.  24-21326<br><br>Chapter 11<br><br>DCN: FWP-18<br><br>Date:       May 29, 2024<br>Time:      11:00 a.m.<br>Location: Courtroom 35 – Dept. C<br>Judge:     Hon. Christopher M. Klein |

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 327(e), 328, AND 330 AUTHORIZING THE DEBTOR TO EMPLOY PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS**

///

///

-1-

Upon the Motion, dated May 1, 2024 (ECF No. 242, the "Motion[1]") of the Roman Catholic Bishop of Sacramento, as debtor and debtor in possession ("RCBS" or "Debtor"), in the above-captioned chapter 11 case (the "Chapter 11 Case"), pursuant to sections 105(a), 327(e), 328, 330, 363(b) and 1108, of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order authorizing, but not directing, the Debtor to: (i) establish certain procedures to retain and compensate those professionals that the Debtor employs in the ordinary course of business (collectively, the "Ordinary Course Professionals"), effective as of the Petition Date, without (a) the submission of separate retention applications or (b) the issuance of separate retention orders by the Court for each individual Ordinary Course Professional; and (ii) compensate and reimburse Ordinary Course Professionals without individual fee applications, all as more fully set forth in the Motion; and good cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein.

2. The Debtor is authorized, but not directed, to employ the Ordinary Course Professionals listed on ***Exhibit 1*** hereto in the ordinary course of its business in accordance with the following procedures (the "Procedures"), effective as of the Petition Date:

   (i) Within thirty (30) days after the later of (a) the entry of an order granting this Motion and (b) the date on which an Ordinary Course Professional commences services for the Debtor, each Ordinary Course Professional will provide the following to the Debtor's attorneys: (1) a declaration (the "OCP Declaration"), substantially in the form annexed to this Order as ***Exhibit 2***, certifying that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtor or its estate with respect to the matter(s) on which such professional is to be employed, and (2) a completed retention questionnaire (the "Retention Questionnaire"), substantially in the form annexed to this Order as ***Exhibit 3***.

   (ii) Upon receipt of a completed OCP Declaration and Retention Questionnaire, the Debtor will file the same with the Court and serve copies on (a) the United States Trustee for Region 17 (the "U.S. Trustee"), (b) counsel for the official committee appointed in this Bankruptcy Case ("Committee"), and (c) parties that have requested special notice who have elected to receive notice electronically via ECF or otherwise (collectively, the "Reviewing Parties").

   (iii) If a party wishes to object to the retention of an Ordinary Course Professional, such party shall, within fifteen (15) days after the filing of the applicable OCP Declaration (the "Retention Objection Deadline"), file with the Court and serve

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

on (a) the attorneys for the Debtor and (b) the relevant Ordinary Course Professional (together, the "Objection Recipients") a written objection stating the legal and/or factual bases for such objection. If no objection to the retention of an Ordinary Course Professional is filed with the Court and served on the Objection Recipients before the Retention Objection Deadline, the retention and employment of such professional shall be deemed approved without further order of the Court.

(iv) If a timely objection to the retention of an Ordinary Course Professional is filed with the Court and served on the Objection Recipients, and such objection cannot be resolved within fourteen (14) days after the Retention Objection Deadline, the Debtor will file a notice of hearing and schedule the matter for adjudication by the Court at the next available hearing that is at least seven (7) days from the date of such notice.

(v) No Ordinary Course Professional may be paid any amount for invoiced fees and expenses until the Ordinary Course Professional has been retained in accordance with these Procedures.

(vi) The Debtor is authorized to retain any Ordinary Course Professional and to compensate such Ordinary Course Professional, without separate application to the Court, 100% of the fees and reimburse 100% of the expenses incurred upon the submission to, and approval by, the Debtor of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred (without prejudice to the Debtor's right to dispute any such invoices); *provided, however*, that the Ordinary Course Professional's total compensation and reimbursements to be paid without separate application shall not exceed $15,000 for each month starting from the first full month following the Petition Date (the "OCP Monthly Cap") and/or shall not exceed $45,000 for each quarter (the "OCP Quarterly Cap")[2]; *provided further, however*, the Debtor's CPA/auditors at Moss Adams and actuarial consultants at Perr & Knight who are paid at certain milestones or annually instead of monthly may receive regular payments greater than the OCP Monthly Cap/OCP Quarterly Cap, including an annual audit fee of approximately $70,000 payable to Moss Adams.

(vii) To the extent an Ordinary Course Professional's total compensation and reimbursements are less than the OCP Monthly Cap, the amount by which such compensation and reimbursements are below the OCP Monthly Cap may be carried over to successive periods.

(viii) In the (unanticipated) event that an Ordinary Course Professional's fees and expenses exceed the OCP Monthly Cap for any month during this Bankruptcy Case: (a) the Debtor may pay the Ordinary Course Professional's fees and expenses owed for such month up to the OCP Monthly Cap; and (b) for each such month, the Ordinary Course Professional may file with the Court a fee application, to be heard on notice, on account of the fees and expenses (including fees and expense below the OCP Monthly Cap) and apply for compensation and reimbursement of such amount in compliance with sections

---

[2] The Ordinary Course Professional who are paid pursuant to monthly invoices shall be subject to the Monthly and Quarterly Caps. The Ordinary Course Professionals who are paid in installments or flat fees may be paid in excess of the Monthly Cap provided the payments do not exceed the Quarterly Cap (e.g. Beacon Point).

-3-

330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

    (ix)    Within thirty (30) days of the end of each quarterly period, the Debtor will file a statement with the Court and serve the same on the Reviewing Parties, certifying the Debtor's compliance with the terms of the relief requested herein. The statement shall include for each Ordinary Course Professional (a) the name of such Ordinary Course Professional, and (b) for each quarterly period, the aggregate amounts paid as compensation for services rendered and as reimbursement of expenses incurred by such professional.

    (x)    If the Debtor seeks to retain an Ordinary Course Professional not already listed on Exhibit 1 to this Order, the Debtor will file with the Court and serve on the Reviewing Parties a notice listing those additional Ordinary Course Professionals to be added to the initial list of Ordinary Course Professionals (the "<u>OCP List Supplement</u>"), along with the attendant OCP Declarations and Retention Questionnaires.

    (xi)    If a party wishes to object to the retention of an Ordinary Course Professional listed on an OCP List Supplement, such party shall, within fifteen (15) days after the filing of the applicable OCP List Supplement, file with the Court and serve on the Objection Recipients a written objection stating the legal and/or factual bases for such objection. If no timely objection to the retention of an Ordinary Course Professional listed on an OCP List Supplement is filed with the Court and served on the Objection Recipients, the retention and employment of such professional shall be deemed approved without further order of the Court. Any Ordinary Course Professional retained pursuant to an OCP List Supplement will be paid in accordance with the terms and conditions set forth in these Procedures.

3. The form of OCP Declaration and Retention Questionnaire are approved.

4. Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtor, (ii) a waiver of the Debtor's or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtor, (iii) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtor and any third party under section 365 of the Bankruptcy Code. Entry of this Order and approval of the Procedures shall not affect the Debtor's ability to: (i) dispute any invoice submitted by an Ordinary Course Professional or (ii) retain additional Ordinary Course Professionals from time to time as needed, and the Debtor reserves all of their rights with respect thereto.

///

5. Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

6. The Debtor is authorized to take all steps necessary or appropriate to carry out this Order.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

APPROVED AS TO FORM

OFFICE OF THE UNITED STATES TRUSTEE

By: */s/ Jason Blumberg*
　　Jason Blumberg

STINSON LLP
KELLER BENVENUTTI KIM LLP

By: */s/ Robert T. Kugler*
　　Robert T. Kugler
　　Attorneys for the Official
　　Committee of Unsecured Creditors

Dated: May 31, 2024

_____
United States Bankruptcy Judge

# EXHIBIT 1

**Exhibit 1**

**Initial List of Ordinary Course Professionals**

| Name | Address | Professional Service | Estimated Amount |
|---|---|---|---|
| **Legal** | | | |
| Catholic Legal Immigration Network, Inc. | 8455 Colesville Rd., Ste 960<br>Silver Springs, MD 20910 | Legal advice concerning immigration matters | $10,000 per month |
| Cuneo Black Ward & Missler | 700 University Ave, #110<br>Sacramento, CA 95825 | Legal advice concerning workers' compensation matters | $1,500 per month (paid from imprest account) |
| Desmond, Nolan, Livaich & Cunningham[1] | 1830 15th Street, Suite 200, Sacramento, CA 95811 | Legal advice concerning permitting and other real estate matters | $0.00 (see footnote below) |
| Hanna, Brophy, MacLean, McAleer & Jensen, LLP | 2882 Prospect Park Dr., Suite 125-A, Rancho Cordova, CA 95670 | Legal advice concerning workers' compensation matters | $5,000 per month (paid from imprest account) |
| Hefner Stark & Marois | 2150 River Plaza Dr., Suite 450, Sacramento, CA 95833 | Legal advice concerning real estate matters | $10,000 per month |
| Iezza & Hockel PC | 7200 Redwood Blvd., Suite 402<br>Novato, CA 94945 | EPL Attorney - HR Claims | $7,500 per month |
| Pioneer Law Group, LLP | 1122 S St, Sacramento, CA 95811 | Legal advice concerning real estate matters | $10,000 per month |
| **Financial/Accounting** | | | |
| Beacon Pointe LLP | 24 Corporate Plaza Drive, Suite 150<br>Newport Beach, CA 92660 | Investment Advisor | $25,000 per quarter |

---

[1] Desmond, Nolan, Livaich & Cunningham has been retained by the Debtor as trustee administering real property to address certain permitting issues related to the real property. The Vietnamese Martyrs Parish as beneficiary pays the fees and costs incurred by Desmond, Nolan, Livaich & Cunningham in this matter.

| | | | |
|---|---|---|---|
| Moss Adams LLP | 2882 Prospect Park Dr., Suite 300, Rancho Cordova, CA 95670 | CPA Firm for Audit and tax consultations and compliance requirements | $70,000 per year in 1 to 3 lump sum payments. |
| Nicolay Consulting Group Inc. | 231 Sansome St., Suite 300 San Francisco, CA 94104 | Pension Plan consulting and actuarial services for pension plans | $10,000 per month |
| Perr & Knight | 401 Wilshire Blvd., Suite 960 Santa Monica, CA 90401 | Actuary – Workers Comp | $20,000 per year |
| **Other** | | | |
| Earl Consulting Co., LLC | 955 University Ave., Sacramento, CA 95825 | Project Management/Construction Consulting | $5,000 per month |
| Street Consulting, LLC | 8576 Via Gwynn Way, Fair Oaks, CA 95628 | Project Management/Construction Consulting | $5,000 per month |

# EXHIBIT 2

2

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC BISHOP OF SACRAMENTO,<br><br>Debtor in Possession. | Case No. 24-21326<br><br>Chapter 11<br><br>**DECLARATION AND DISCLOSURE STATEMENT OF _____,<br>ON BEHALF OF**<br>_____ |

      To be completed by Professionals engaged by The Roman Catholic Bishop of Sacramento, the debtor and debtor in possession ("Debtor"), in the above-captioned chapter 11 case.

      I,_____, hereby declare as follows:

      1.    I am a _____ of _____, located at_____(the "Firm").

      2.    The Debtor in the above-captioned chapter 11 case has requested that the Firm provide _____ services to the Debtor, and the Firm has consented to provide such services (the "Services"). Attached hereto is a true and correct copy of the engagement agreement between the Debtor and the Firm (the "Engagement Agreement"). [The Engagement Agreement does not contain indemnification and/or limitation of liability provisions] or [The Engagement Agreement contains indemnification and/or limitation of liability provisions as set forth at \_\_\_\_\_ of the Engagement Agreement].

      3.    The Services include, but are not limited to, the following:
_____
_____

      4.    The Firm may have performed services in the past and may perform services in the future, in matters unrelated to this chapter 11 case, for persons that are parties in interest in the Debtor's chapter 11 case. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or

1  be claimants or employees of the Debtor, or other parties in interest in this chapter 11 case. The
2  Firm does not perform services for any such person in connection with this chapter 11 case. In
3  addition, the Firm does not have any relationship with any such person, such person's attorneys,
4  or such person's accountants that would be adverse to the Debtor or its estate with respect to the
5  matters on which the Firm is to be retained.

6      5.    Neither I, nor any principal of, or professional employed by the Firm has agreed to
7  share or will share any portion of the compensation to be received from the Debtor with any other
8  person other than principals and regular employees of the Firm.

9      6.    Neither I nor any principal of, or professional employed by the Firm, insofar as I
10  have been able to ascertain, holds or represents any interest materially adverse to the Debtor or its
11  estate with respect to the matters on which the Firm is to be retained.

12      7.    As of the commencement of this chapter 11 case, the Debtor owed the Firm
13  $_____ in respect of prepetition services rendered to the Debtor.

14  Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the
15  United States of America that the foregoing is true and correct, and that this Declaration and
16  Disclosure Statement was executed on _____, 2024, at_____.

17
18                                            _____
                                          Declarant Name

# EXHIBIT 3

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| In re:<br>THE ROMAN CATHOLIC BISHOP OF SACRAMENTO,<br>　　　　Debtor in Possession. | Case No. 24-21326<br>Chapter 11<br>**RETENTION QUESTIONNAIRE** |

To be completed by Professionals engaged by The Roman Catholic Bishop of Sacramento, as debtor and debtor in possession ("Debtor"), in the above-captioned chapter 11 case.

All questions **must** be answered. Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete it on a separate page and attach it.

1. Name and address of professional:

   _____

   _____

   _____

2. Date of retention: _____

3. Type of Services to be provided:

   _____

   _____

   _____

4. Brief description of services to be provided:

   _____

   _____

   _____

5. Arrangements for compensation (hourly, contingent, etc.):

   _____

   (a) Average hourly rate (if applicable): _____

    (b)     Estimated average monthly compensation based on prepetition retention (if company was employed prepetition):

_____

6.     Prepetition claims against the Debtor held by the company:

Amount of claim: $_____

Date claim arose: _____

Nature of claim: _____

7.     Prepetition claims against the Debtor held individually by any member, associate, or employee of the company:

Name: _____

Status: _____

Amount of claim: $_____

Date claim arose: _____

Nature of claim: _____

_____

8.     Disclose the nature and provide a brief description of any interest adverse to the Debtor or its estate for the matters on which the professional is to be employed:

_____

_____

_____

9.     Name and title of individual completing this form:

_____

Dated: _____, 2024         _____
                                                                      Declarant Name