Paul J. Pascuzzi, State Bar No. 148810
Jason E. Rios, State Bar No. 190086
Thomas R. Phinney, State Bar No. 159435
Mikayla E. Kutsuris, State Bar No. 339777
FELDERSTEIN FITZGERALD
　WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA  95814
Telephone:　　(916) 329-7400
Facsimile:　　(916) 329-7435
Email:　　　　ppascuzzi@ffwplaw.com
　　　　　　　jrios@ffwplaw.com
　　　　　　　tphinney@ffwplaw.com
　　　　　　　mkutsuris@ffwplaw.com

Ori Katz, State Bar No. 209561
Alan H. Martin, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
　A Limited Liability Partnership
　Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:　　(415) 434-9100
Facsimile:　　(415) 434-3947
Email:　　　　okatz@sheppardmullin.com
　　　　　　　amartin@sheppardmullin.com

Attorneys for The Roman Catholic
Bishop of Sacramento

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC BISHOP OF SACRAMENTO,<br><br>　　　　Debtor in Possession. | Case No. 24-21326<br><br>Chapter 11<br><br>DCN:  FWP-31<br><br>Date:　　　August 7, 2024<br>Time:　　　11:00 a.m.<br>Location:　Courtroom 35 (Dept. C)<br>Judge:　　　Hon. Christopher M. Klein |

**SUPPLEMENTAL DECLARATION OF WAYNE P. WEITZ IN SUPPORT OF FIRST INTERIM APPLICATION OF GLASSRATNER ADVISORY & CAPITAL GROUP LLC d/b/a B. RILEY ADVISORY SERVICES FOR ALLOWANCE OF FEES AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD OF APRIL 1, 2024, THROUGH MAY 31, 2024**

1

I, Wayne P. Weitz, declare:

1. I am a senior managing director with GlassRatner Advisory & Capital Group, LLC d/b/a B. Riley Advisory Services ("B. Riley"), the financial advisor for The Roman Catholic Bishop of Sacramento, a California corporation sole, the Debtor and Debtor-in-Possession herein (the "Debtor"). If called as a witness, I would and could testify competently to the matters stated herein.

2. I have been a senior managing director of B. Riley since May 2019. As such, I have personal knowledge of my firm's billing policies and practices. I have read the accompanying *First Interim Application of GlassRatner Advisory & Capital Group, LLC d/b/a B. Riley Advisory Services for Allowance of Fees and Reimbursement of Expenses* (the "Application"), and to the best of my knowledge, all statements are true and correct.

3. On July 3, 2024, B. Riley filed its *First Interim Application for Allowance of Fees and Reimbursement Of Expenses Incurred For The Period Of April 1, 2024, Through May 31, 2024* [ECF No. 475] seeking approval of fee and expenses for financial advisory services in the sum of $223,998.00 plus necessary expenses of $4,010.08 as described in more in the Application.

4. On July 24, the United States Trustee (the "UST") filed its response and reservation of rights to the Application [ECF No. 529] in which it requested fees should be reduced by $16,910.00, unless certain time entries are clarified or supplemented. Our clarifications are as follows:

5. The U.S. Trustee objected to compensation for two professionals attending a hearing. That hearing was the First Day Hearing and two B. Riley professionals each billed for 0.8 hours to attend the hearing. It was important to introduce the Debtor's professionals at the first day hearing. In addition, given the magnitude of work involved in preparing this filing and the involvement of the B. Riley team in the case, it was more efficient for both Mr. Weitz and Mr. Greenblatt both to attend the First Day Hearing. Had only Mr. Weitz attended, the time spent briefing the rest of the B. Riley team would have exceeded the 0.8 hours billed by Mr. Greenblatt. For future hearings addressing fewer or more specific matters, we expect that only one professional will attend.

///

6. The U.S. Trustee identified one entry for 2.8 hours that "appears to be an inadvertent duplicate of another time entry." This entry is not a duplicate, but rather compliance with the preference to not "lump" time entries and to record time for individual tasks. On this entry, the B. Riley professional worked 5.6 hours on preparation of the Schedule of Financial Affairs and the Schedules of Assets and Liabilities and divided this into two entries that "appear" identical. To clarify, the time entry is hereby amended to describe the first 2.8 hour segment as "work on SOFA" and the second as "work on SOAL."

7. Finally, the U.S. Trustee has identified several meetings that were attended by four members of the B. Riley team, identified as "instances where more than two professionals billed for the same conference," and seeks a further explanation. We are unaware of any blanket prohibitions that meetings must be limited to two professionals, regardless of the topic or efficiencies. In this case, these meetings all occurred in the first month following the filing and in our professional judgment, being sensitive to proper staffing, we believe that such attendance was necessary and efficient. During this period, B. Riley worked with the Debtor to prepare the Statement of Financial Affairs, the Schedules of Assets and Liabilities, and the information requested by the U.S. Trustee as part of the Initial Debtor Interview ("IDI"). We also assisted with preparing the client for the IDI and the Section 341 meeting. During this time, we held several meetings with the client and the team to address questions, complete the information, and review and update successive drafts of the information. Given that each member of the B. Riley team was focusing on specific information areas, all of which had overlap, it was more efficient to have the entire team of four people participate in these client meetings rather than have a larger number of meetings which would have stretched the capacity of Debtor's staff during a particularly intense first month after filing.

///

///

///

///

///

8. Accordingly, B. Riley submits that its time entries for April are appropriate given the nature and scope of work, the deadlines inherent in the first month of a case, and the efficiencies gained by working together in a smaller number of sessions rather than having multiple sessions of fewer people.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 31, 2024, at New York, New York.

*Wayne P. Weitz* (signature)
―――――――――――――
Wayne P. Weitz