3

**STINSON LLP**
ROBERT T. KUGLER (Minn. Bar No. 194116)
robert.kugler@stinson.com
EDWIN H. CALDIE (*pro hac vice pending*)
ed.caldie@stinson.com

**KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER (Cal. Bar No. 151445)
(tkeller@kbkllp.com)
JANE KIM (Cal. Bar No. 298192)
(jkim@kbkllp.com)
GABRIELLE L. ALBERT (Cal. Bar No. 190895)
(galbert@kbkllp.com)
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 496-6723
Facsimile: (650) 636-9251

*Counsel for the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC BISHOP OF SACRAMENTO,<br><br>Debtor. | Case No. 24-21326<br><br>Chapter 11<br><br>DCN: STI-3<br><br>Hearing Date: October 28, 2024<br>Time: 11:00 a.m.<br>Location: Courtroom 35 (Dept. C)<br>Judge: Hon. Christopher M. Klein |

**REPLY TO THE UNITED STATES TRUSTEE'S OBJECTION
TO STINSON LLP'S SECOND INTERIM FEE APPLICATION**

Stinson LLP ("Stinson"), counsel for the Official Committee of Unsecured Creditors (the "Committee") of the Roman Catholic Bishop of Sacramento (the "Debtor"), submits this Reply to the *Objection and Reservation of Rights of the United States Trustee to the Second Interim Fee Application of Stinson LLP* (the "UST's Objection"). Dkt. No. 722. In support of its Reply, Stinson states as follows:

1

1.     The UST's Objection requests that the Court reduce Stinson's compensation for the period covering June 1, 2024 through August 31, 2024 (the "Second Interim Period") by $8,061, comprising (i) a $5,135 reduction in compensable fees for services rendered in connection with activities and legal research on *Harrington v. Purdue Pharma L.P.*[1]; and (ii) a $2,926 reduction in compensable fees for services rendered in connection with legal research on the necessity of continuing to employ Gallagher Basset Services ("Gallagher") as a third-party administrator of the Debtor's insurance programs. After a productive dialogue about the reasonableness and necessity of these fees, Stinson and the United States Trustee mutually agree to reduce Stinson's compensation for the Second Interim Period by $2,547.75. Stinson and the United States Trustee further agree that Stinson shall supplement the record by explaining the benefit to the estate of researching the necessity of retaining Gallagher. That explanation follows.

2.     The *Debtor's Emergency Motion to Continue Insurance Programs* (the "Insurance Motion") requested authority to, among other things, continue employing Gallagher "as a third-party administrator to address and evaluate sensitive claims" under the Debtor's insurance programs. Dkt. No. 20, ¶ 9. The Debtor's Chief Financial Officer declared that Gallagher "provides estimates for claims and related expenses. The annual fee … for these services is approximately $100,000 for the coverage year beginning November 1, 2023." Dkt. No. 23, ¶ 23. Because the Debtor had not established the necessity of retaining Gallagher to provide these services while the automatic stay is in effect, the Committee objected to the Insurance Motion, requested additional information from the Debtor, and expressed hope "that it w[ould] ultimately be able to resolve this issue with the Debtor on a consensual basis once the Committee understands the full scope of related estate rights, benefits, and obligations." Dkt. No. 191, ¶ 13. On May 4, 2024, the Court granted the Insurance Motion, authorizing the retention of Gallagher but giving the Committee ninety (90) days to object to the retention of Gallagher. Dkt. No. 266, ¶ 2.

---

[1] 144 S. Ct. 2071 (2024).

3. As counsel for the Committee, Stinson subsequently engaged with the Debtor's counsel to obtain additional information regarding the retention of Gallagher. The Debtor's counsel indicated language from the Debtor's insurance policies providing that the use of Gallagher is an express condition of the insurance afforded under those policies. Counsel for the Debtor also noted that its insurers state that the failure to utilize Gallagher or a similar service organization may jeopardize coverage.

4. Stinson associates also researched the legal validity of policy provisions, such as those indicated by the Debtor's counsel, requiring the employment of a third-party administrator as an express condition of coverage. A portion of the fees charged in connection with that research (and the analysis thereof) corresponds to the $2,926 reduction requested by the UST's Objection. Ultimately, the Committee did not object to the retention of Gallagher. Nonetheless, in light of the significant potential savings to the estate if Gallagher's annual fee could have been avoided, Stinson's fees charged for the legal research on the necessity of retaining Gallagher are "reasonable compensation for actual, necessary services rendered." 11 U.S.C. § 330(a).

5. While the estate professionals continue to make progress towards mediation and what will hopefully be a consensual resolution of this chapter 11 case, Stinson requests that the Court authorize the Debtor to pay 100% of the fees and expenses for the Second Interim Period that the Court finds are necessary and reasonable.

WHEREFORE, based on the foregoing, Stinson respectfully requests that the Court approve the fees and expenses requested in Stinson's second interim fee application (Dkt. No. 672), reduced by $2,547.75 as agreed with the United States Trustee.

Dated: October 21, 2024                                     STINSON LLP

/s/ Robert T. Kugler
Robert T. Kugler
Edwin H. Caldie
*Counsel for the Official Committee of Unsecured Creditors*