Paul J. Pascuzzi, State Bar No. 148810
Jason E. Rios, State Bar No. 190086
Thomas R. Phinney, State Bar No. 159435
Mikayla E. Kutsuris, State Bar No. 339777
FELDERSTEIN FITZGERALD
  WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA  95814
Telephone:     (916) 329-7400
Facsimile:     (916) 329-7435
Email:         ppascuzzi@ffwplaw.com
               jrios@ffwplaw.com
               tphinney@ffwplaw.com
               mkutsuris@ffwplaw.com

Ori Katz, State Bar No. 209561
Alan H. Martin, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:     (415) 434-9100
Facsimile:     (415) 434-3947
Email:         okatz@sheppardmullin.com
               amartin@sheppardmullin.com

Attorneys for The Roman Catholic
Bishop of Sacramento

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC BISHOP OF SACRAMENTO,<br><br>        Debtor in Possession. | Case No. 24-21326<br><br>Chapter 11<br><br>DCN:      FWP-69<br><br>Date:      July 23, 2025<br>Time:      11:00 a.m.<br>Location:  Courtroom 35 (Dept. C)<br>Judge:     Hon. Christopher M. Klein |

**ORDER GRANTING DEBTOR'S MOTION TO: (1) APPROVE STIPULATION MODIFYING THE AUTOMATIC STAY; AND (2) WAIVER OF 14-DAY STAY PERIOD**

1

Upon consideration of the motion of the Roman Catholic Bishop of Sacramento (the "Debtor") (the "Motion") for entry of an order: (1) approving the *Stipulation by and Among the Roman Catholic Bishop of Sacramento, the Official Committee of Unsecured Creditors, and the Survivor Defendants* (the "Stipulation") attached hereto as **Exhibit 1**, all as further described in the Motion; and (2) waiving the 14-day stay period imposed by Federal Rule of Bankruptcy Procedure 4001(a)(4); and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; this is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having authority pursuant to 11 U.S.C. § 362(d) to order relief from the automatic stay as proposed under the terms in the Stipulation; and due and proper notice of the Motion having been provided under the circumstances and in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation thereon and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is hereby GRANTED.

2. The Stipulation attached to this Order as **Exhibit 1** is hereby approved.

3. Subject to the terms and conditions set forth in the Stipulation and to the extent required to implement the Stipulation, the stay imposed under 11 U.S.C. § 362(a) is hereby modified.

4. Except for the limited purpose of modifying the automatic stay as set forth in the Stipulation, the automatic stay shall otherwise remain in full force and effect.

5. This Order is effective immediately, the fourteen (14) day stay provision of Bankruptcy Rule 4001(a)(4) shall not be applicable.

6. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order, in accordance with the Motion and the Stipulation.

///

1　　　　7.　　The Court shall retain jurisdiction over any and all matters arising from the
2　interpretation or implementation of this Order.

4　STINSON LLP

5　By:　/s/ Drew Glasnovich
　　　　Drew Glasnovich
6　　　　Attorneys for the Official
　　　　Committee of Unsecured Creditors

9　Dated: July 25, 2025

_____
United States Bankruptcy Judge

# **EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC BISHOP OF SACRAMENTO,<br><br>　　　　Debtor. | Case No. 24-21326<br><br>Chapter 11<br><br>DCN:　　　STI-11 |
| THE ROMAN CATHOLIC BISHOP OF SACRAMENTO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JOHN S-4 DOE, et al.,<br><br>　　　　Defendants. | Adv. Pro. No. 25-02054<br><br>DCN:　　　SMRH-1<br><br>Date:　　　June 25, 2025<br>Time:　　　1:30 PM<br>Location:　Courtroom 35 (Dept. C)<br>Judge:　　Hon. Christopher M. Klein |

**STIPULATION BY AND AMONG THE ROMAN CATHOLIC BISHOP OF SACRAMENTO, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND THE SURVIVOR DEFENDANTS**

The Roman Catholic Bishop of Sacramento (the "Debtor"), the Official Committee of Unsecured Creditors (the "Committee"), and each of the defendants in this Action (together, the "Survivor Defendants"[1]; collectively the Debtor, the Committee, and the Survivor Defendants are the "Parties" and each, including each individual Survivor Defendant, is a "Party"), stipulate and agree as follows:

---

[1] Survivor Jane Doe, the plaintiff in the case captioned *Jane Doe v. St. Francis Catholic High School of the Diocese of Sacramento, Inc., AKA St. Francis Catholic High School, Roman Catholic Bishop of Sacramento, a corporation sole, Aaron Rios, and Does 1-100* (Sacramento County Case No. 23-CV-008312), is a Survivor Defendant named in this Action, but she does not join this Stipulation. This Jane Doe is not part of the Coordinated Proceeding (JCCP No. 5018), is currently litigating her case, and seeks to collect from St. Francis High School (not from the Debtor's insurers).

1

**RECITALS**

1. The Debtor filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code on April 1, 2024 (the "Petition Date"), which chapter 11 case No. 24-21326 (the "Bankruptcy Case") is pending before the Bankruptcy Court for the Eastern District of California (the "Bankruptcy Court").

2. The Office of the United States Trustee appointed the Committee on April 12, 2024, pursuant to 11 U.S.C. § 1102.

3. In October 2019, Governor Gavin Newsom signed AB 218, known as the California Child Victims Act (the "CVA"), which expanded legal protections for survivors of child sexual abuse ("Survivors"). The CVA went into effect on January 1, 2020, opening a three-year "revival window" during which any Survivor could file civil claims regardless of when the abuse occurred.

4. During the CVA's revival window, approximately 260 Survivors filed civil actions against the Debtor, virtually all of which have been consolidated (along with other Northern California clergy cases naming other defendants) into a coordinated proceeding entitled *In re Northern California Clergy Cases*, JCCP No. 5108 (the "Coordinated Proceeding") in the Superior Court of California, County of Alameda (the "State Court").

5. Of those civil actions, approximately 227 name both the Debtor and at least one of its non-Debtor affiliates as defendants. These actions are identified in **Exhibit 1** to the Injunction Motion (defined below) (collectively, the "State Court Actions").

6. On April 28, 2025, the Debtor initiated this Adversary Proceeding by filing a complaint for declaratory and injunctive relief that would prevent all of the State Court Actions from proceeding for the duration of the Debtor's Bankruptcy Case.

7. On April 30, 2025, the Debtor filed the *Motion for Entry of an Order Pursuant to Bankruptcy Code Sections 105(a) And 362 to Extend Stay to All State Court Cases in Which Debtor and/or Non-Debtor Affiliate is Named as a Defendant*, as amended and along with supporting declarations and exhibits [Adv. Docket Nos. 6-10, 34] (the "Injunction Motion"), seeking both a declaration that the automatic stay extends to all State Court Actions and, in the alternative, an

injunction that would prevent all State Court Actions from proceeding for the duration of the Debtor's Bankruptcy Case.

8. Subsequently, the Committee filed its *Motion to Intervene* [Adv. Docket No. 38], and the Committee and Survivor Defendants each filed objections to the Injunction Motion.

9. In order to resolve the Injunction Motion and other pending issues in the Debtor's Bankruptcy Case, the Parties have reached a compromise and resolution of their differences as follows:

## **STIPULATION**

1. The above recitals are incorporated by reference.

2. The Committee's Motion to Intervene should be granted.

3. Subject to Paragraph 8, the Bankruptcy Court should issue a temporary injunction pursuant to 11 U.S.C. § 105(a), enjoining prosecution of the State Court Actions, including against any of the non-Debtor defendants (the "Non-Debtor Affiliates") named therein.

4. On or before July 3, 2025, the Parties shall jointly select, and file a notice on the docket identifying, no more than six State Court Actions (the "Released State Court Actions") to be released from the stay and proceed to trial.

5. The automatic stay imposed by 11 U.S.C. § 362(a) and the injunction provided for in this Stipulation (the "Stay Extension Injunction") shall be modified as follows:

   a. The Survivor Defendants may prosecute, and any court where the action is pending may proceed with all necessary actions to adjudicate, the Released State Court Actions through final judgment, including against the Debtor and all non-Debtor defendants (the "Non-Debtor Defendants").

   b. The Debtor is authorized to pay defense costs in the Released State Court Actions that are not paid by an insurer, notwithstanding any prior order of the Court.

   c. Entry of a judgment against any defendant in the Released State Court Actions shall not create a lien against any non-insurance asset of the Debtor or any Non-Debtor Defendant. For the avoidance of doubt, nothing in this Stipulation should be

construed to prevent a lien from attaching to the Debtor's and/or any Non-Debtor Affiliate's insurance policies or the proceeds of such policies.

    d.    No Survivor Defendant may create or take any action to effectuate the creation or imposition of any lien against any non-insurance asset(s) of the Debtor or any Non-Debtor Affiliate. Further, no Survivor Defendant may collect, levy, execute, or otherwise enforce any judgment against any non-insurance asset(s) of the Debtor or any Non-Debtor Affiliate.

    6.    The Parties agree that Survivor Defendants (regardless of whether their claims are selected as Released State Court Actions) may make written settlement demands on the Debtor and any Non-Debtor Defendant(s) and for the Debtor and any Non-Debtor Defendant(s) to tender those demands on their respective insurers and request that the insurers pay those demands. The Parties further agree that that such demands are not a violation of the Stay Extension Injunction or the stay imposed by 11 U.S.C. § 362(a).

    7.    For the avoidance of doubt, and except as provided in Paragraphs 5 and 6, nothing in this Stipulation provides for the modification or vacatur of the automatic stay imposed by 11 U.S.C. § 362(a).

    8.    Nothing in this Stipulation is an admission by any Party as to the allegations in the Injunction Motion or any oppositions filed thereto or the merits of any of the issues raised therein.

    9.    Any Party may request that the Bankruptcy Court modify or rescind the Stay Extension Injunction, except that the Released State Court Actions shall not be stayed or otherwise enjoined without the consent of the Committee and the applicable Survivor Defendant(s) or by the Court upon a showing of extraordinary circumstances. The requesting party must give the other Parties at least three (3) days' written notice prior to filing the request and may not set the matter for hearing on less than 30 days' notice from the time of filing.

    10.    The Parties request that the Court approve this Stipulation and enter the proposed orders attached hereto as Exhibits 1 & 2.

**STIPULATED AND AGREED TO BY:**

Dated:  June 25, 2025

FELDERSTEIN FITZGERALD
WILLOUGHBY
PASCUZZI & RIOS LLP

By:  /s/ Paul J. Pascuzzi
Paul J. Pascuzzi
Thomas R. Phinney

*Attorneys for*
*The Roman Catholic Bishop of Sacramento*

Dated:  June 23, 2025

STINSON LLP

By:  /s/ Robert T. Kugler
Robert T. Kugler
Edwin H. Caldie
Andrew J. Glasnovich

*Attorneys for*
*The Official Committee of Unsecured Creditors*

Dated: 06/23/2025

FIORE ACHERMANN

By: _____
Sophia Achermann

*Attorneys for John Doe (MN) and A.D.*

Dated: 06/23/2025

Mary Alexander & Associates PC

By: _____
Mary Alexander

*Attorneys for John Doe LL and John Doe DM*

5

Dated: 06/23/2025

PFAU COCHRAN VERTETIS AMALA PLLC

By: /s/ Jason P. Amala
Jason P. Amala

*Attorneys for C.P., Jane Doe (J.W.), John Doe P.F., and T.C.*

Dated: 06/23/2025

SLATER SLATER SCHULMAN LLP

By: /s/ Ryan Camastra
Ryan A. Camastra

*Attorneys for Jane Roe 265, Jane Roe 298, Jane Roe 333, Jane Roe 385, Jane Roe 443, Jane Roe 574, Jane Roe 583, Jane Roe 657, Jane Roe 670, Jane Roe 671, Jane Roe 675, Jane Roe 684, John Roe 129, John Roe 178, John Roe 214, John Roe 216, John Roe 217, John Roe 278, John Roe 282, John Roe 303, John Roe 314, John Roe 413, John Roe 414, John Roe 469, John Roe 481, John Roe 497, John Roe 550, John Roe 560, John Roe 587, John Roe 625, John Roe 627, John Roe 651, John Roe 669, John Roe 687, and John Roe 694*

Dated: 06/23/2025

BOUCHER LLP

By: /s/ Kelsey Lynn Campbell
Kelsey Lynn Campbell

*Attorneys for Jane Doe B.N.W., Jane Doe E.D., Jane Doe K.L.M., Jane Doe M.A.G., John Doe B.C.R., John Doe D.J.S., John Doe E.D.G., John Doe E.L.B., John Doe G.B.M., John Doe J.B., John Doe J.C.A., John Doe J.H., John Doe J.P.M., John Doe K.E.K., John Doe L.F.R., John Doe M.P.O., John Doe M.W.M., John Doe N.P.S., and John Doe P.R.D.*

6

Dated: 06/23/2025

MATTHEWS AND ASSOCIATES

By: /s/ Pedro de la Cerda
Pedro De La Cerda

*Attorneys for Jane Doe 1733, Jane Doe 420, Jane Doe 744, Jane Doe 868, John Doe 1615, John Doe 1737, John Doe 2731, John Doe 2741, John Doe 42, John Doe 45, John Doe 464, John Doe 562, John Doe 704, John Doe CLG03308, John Doe CLG03350, John Doe CLG03442, John Doe CLG03476, and John Doe CLG03492*

Dated: 06/23/2025

DRIVON LAW FIRM LLP

By: /s/
David L. Drivon

*Attorneys for John Doe GR*

Dated: 06/24/2025

MANLY STEWARD AND FINALDI

By: /s/ Vince W. Finaldi
Vince W. Finaldi

*Attorneys for* J*ane S-11 Doe, Jane S-13 Doe, Jane S-7 Doe, John S-10 Doe, John S-14 Doe, John S-16 Doe, John S-17 Doe, John S-3 Doe, John S-4 Doe, John S-5 Doe, John SAC-1 Doe, and John SAC-2 Doe*

7

| | |
|---|---|
| Dated: 06/24/2025 | JOSEPH C. GEORGE, JR LAW CORPORATION<br><br>By: /s/ Joseph Charles George<br>Joseph Charles George<br><br>*Attorneys for G.D., J.R., Jennifer Doe S 509, Jennifer Doe S 523, Jennifer Doe S 525, Jennifer Doe S 526, Jennifer Doe S 528, Jennifer Doe S 529, Jennifer Doe S 597, Jennifer Doe S 598, Jennifer Doe S 600, Jennifer Doe S 606, Jennifer Doe SCW, John Doe 102, John Doe 140, John Doe 165, Joseph Doe S 501, Joseph Doe S 502, Joseph Doe S 503, Joseph Doe S 504, Joseph Doe S 506, Joseph Doe S 507, Joseph Doe S 508, Joseph Doe S 512, Joseph Doe S 513, Joseph Doe S 515, Joseph Doe S 516, Joseph Doe S 517, Joseph Doe S 518, Joseph Doe S 519, Joseph Doe S 520, Joseph Doe S 522, Joseph Doe S 524, Joseph Doe S 584, Joseph Doe S 602, Joseph Doe S 604, Joseph Doe S 605, M.T., and Samantha Doe SA4* |
| Dated: 06/24/2025 | THE ZALKIN LAW FIRM PC<br><br>By: /s/ Hunter D.L. Haddock<br>Hunter D.L. Haddock<br><br>*Attorneys for Jane MH Roe SAC, John JD Roe SAC, John JT Roe SAC, John JW Roe SAC, John MF Roe SAC, John ST Roe SAC, and John TH Roe SAC* |
| Dated: 06/24/2025 | PAUL MONES PC<br><br>By: /s/ Courtney Kiehl<br>Courtney Kiehl<br>*Attorneys for Jane Doe LL and John Doe MD* |

8

Dated: 06/23/2025

LIAKOS LAW APC

By: *Jennifer R. Liakos*
Jennifer R. Liakos

*Attorneys for LL John Doe JT, LL John Doe MW, LL John Doe TDR, LL John Doe TWGA, LL John Doe UM, and LL Jane Doe JEP*

Dated: 06/23/2025

AYLSTOCK, WITKIN, KREIS & OVERHOTLZ

By: *Sin-Ting Mary Liu*
Sin-Ting Mary Liu

*Attorneys for R.A.*

Dated: 06/23/2025

DIMARCO ARAUJO MONTEVIDEO

By: *Anthony C. Modarelli III*
Anthony C. Modarelli III

*Attorneys for John Doe 104*

Dated: 06/23/2025

MICHAEL REHM

By: _____
Michael Rehm

*Attorneys for Jane Roe 1590*

Dated: 06/23/2025

PEIFFER WOLF CARR KANE CONWAY & WISE LLP

By: *Melisa Rosadini-Knott*
Melisa A. Rosadini-Knott

*Attorneys for John Doe D.H.*

9

Dated: 06/24/2025

JEFF ANDERSON & ASSOCIATES

By: *Jennifer Stein*

*Attorneys for Jane Doe SAC 1177, Jane Doe SAC 1185, Jane Doe SAC 1193, Jane Doe SAC 1204, Jane Doe SAC 1429, Jane Doe SAC 1432, Jane Doe SAC 1519, Jane Doe SAC 1637, Jane Doe SAC 1876, Jane Doe SAC 1891, Jane Doe SAC 2056, Jane Doe SAC 2076, Jane Doe SF 1883, John Doe SAC 1124, John Doe SAC 1127, John Doe SAC 1180M John Doe SAC 1208, John Doe SAC 1221, John Doe SAC 1276, John Doe SAC 1286, John Doe SAC 1421, John Doe SAC 1506, John Doe SAC 1507, John Doe SAC 1523, John Doe SAC 1531, John Doe SAC 1545, John Doe SAC 1554, John Doe SAC 1911, John Doe SAC 1915, John Doe SAC 1920, John Doe SAC 1924, John Doe SAC 1926, John Doe SAC 1935, John Doe SAC 1973, John Doe SAC 1980, John Doe SAC 1988, John Doe SAC 2029, John Doe SAC 2049, John Doe SAC 2050, John Doe SAC 2060, John Doe SAC 2068, John Doe SAC 2088, John Doe SAC 2092, and John Doe SF 1886*

Dated: 06/25/2025

HERMAN LAW

By: *Justin R. Felton*
Brian K. Teets, Jr.

*Attorneys for G.B., J.E., J.R., M.O., M.W., N.J., R.R., and S.C.*

Dated: 06/23/2025

THOMPSON LAW OFFICES

By: Robert W. Thompson
Robert W. Thompson

*Attorneys for John Doe A.D.R.*

10

Docusign Envelope ID: 76CD5CFC-756A-4F31-B2BC-973563B8E4DA

Dated: 06/24/2025               WAGSTAFF LAW FIRM

                                By: /s/ Aimee Wagstaff
                                Aimee Wagstaff

                                *Attorneys for A.A. Roe 1*


Dated: June 25, 2025            WINER, BURRITT, SCOTT & JACOBS, LLP

                                By: /s/ Erika J. Scott
                                Erika J. Scott

                                Attorneys for JOHN DOE 174, JANE DOE 639, JOHN DOE 521, JOHN DOE 166, JOHN DOE 542, JOHN DOE 137, JOHN DOE 572, JOHN DOE 534, JOHN DOE 568, JANE DOE 577, JANE DOE 564, and JANE DOE 549

11